ALVAH F. JENNINGS *vs.* EDWIN CHASE & others.

A promise by a debtor to make monthly payments upon certain of his overdue notes upon which his creditor has no security, is not a good consideration for a promise by the creditor to forbear for a time to press for payment of another overdue note against the debtor, upon which there are indorsers; and such promise to forbear, on such consideration, will not discharge the indorsers.

CONTRACT against the indorsers of a promissory note, signed by R. C. Searle as maker and indorsed by the defendants and A. Bullens.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the plaintiff, besides the note in suit, held several other overdue notes signed by Searle and indorsed by Bullens; and the defendants introduced evidence tending to show that after the note in suit became due Searle and Bullens promised to pay the plaintiff fifty dollars then and fifty dollars a month upon the notes of Searle which were indorsed by Bullens alone, provided he would let the note now in suit lie as long as these payments should continue; that the plaintiff agreed to this, and the first payment of fifty dollars was made and applied upon a note of Searle which was indorsed by Bullens alone, and the plaintiff did forbear for nearly a month to press for payment of the note in suit.

The judge ruled that this was not a valuable consideration for the agreement of the plaintiff, and directed a verdict in his favor, which was accordingly rendered; and the defendants alleged exceptions.

*G. M. Stearns,* for the defendants.

*A. M. Copeland,* for the plaintiff.

CHAPMAN, J. The legal principles which govern this case are well settled. If the creditor agrees with the principal debtor to extend the time of payment, without the knowledge and consent of the surety, the effect of such agreement is to discharge the surety. But it must be a valid agreement, such as can be enforced either at law or in equity. Of course it must be made upon a good consideration, or be under seal. *Oxford Bank v*

*Lewis*, 8 Pick. 458. *Blackstone Bank* v. *Hill*, 10 Pick. 129 *Greely* v. *Dow*, 2 Met. 176. *Gifford* v. *Allen*, 3 Met. 255. *Abbott* v. *Tucker*, 4 Allen, 72. *Potter* v. *Green*, 6 Allen, 442. The same doctrine is held in New York. *Reynolds* v. *Ward*, 5 Wend. 501. *Gahn* v. *Niemcewicz*, 11 Wend. 312. *Hall* v. *Constant*, 2 Hall R. (N. Y.) 185. The decision of this court in *Oxford Bank* v. *Lewis* and *Blackstone Bank* v. *Hill*, in which it was held that the payment of interest in advance upon an overdue note did not discharge the surety, there being no agreement by the creditor to extend the credit for any definite time, was followed in Maine, in *Freeman's Bank* v. *Rollins*, 13 Maine, 202. But in the subsequent case of *Lime Rock Bank* v. *Mallett*, 34 Maine, 547, and 42 Maine, 349, it was held that the payment of interest in advance upon an overdue note is a valid consideration for an express agreement to extend the time for payment of the principal, though it is not of itself evidence of such an agreement. In *Chute* v. *Pattee*, 37 Maine, 102, it was held that an agreement to pay interest for a specified time after the note became due was a sufficient consideration for a promise to forbear. In New Hampshire the payment of interest in advance for a definite time is held to be a valid consideration. *Crosby* v. *Wyatt*, 10 N. H. 318.

The true principle which must govern all cases of this sort must be, that in order to constitute a valid consideration the promise of the debtor must be to do something which he is not already bound by his note or contract to do, or the act done by him must be something that he was not thus bound to do. Upon this principle, the payment of a part of the debt after it has become due, or a promise to pay a part of it at some future time, is not a valuable consideration. Chit. Con. (7th Amer. ed.) 51.

In the present case the payment was not on the note in suit, but on another note of the plaintiff against Searle, to which the defendants were not parties · and the promise of Searle was to make payments monthly on other notes to which the defendants were not parties. But the payment was an act which Searle was already bound to do, and the promise to pay was no more

than he had already promised in the notes to which the promise applied, for all the notes were overdue. As to each of them there was no valuable consideration for the plaintiff's promise to forbear, and it could not be enforced by Searle either at law or in equity; therefore the indorsers were not discharged.

*Exceptions overruled.*