BUNKER v. TAYLOR *et al.*

1. Under Comp. Laws, § 4939, providing that, when a proceeding fails to conform in any respect to the Code, the court may, in its discretion and on such terms as may be just, permit an amendment, and Section 5093,

providing that the court may, on good cause shown, in furtherance of justice extend the time within which acts may be done, or may, after the time limited therefor has expired, fix another time within which an act may be done, the court has power, on the hearing of a motion for a new trial, to permit an amendment to the notice of motion, after the time for giving such notice has expired.

2. Where the court allows an amendment to the notice of motion for a new trial, and an "amended notice" is filed, it is an amendment of the old notice, and not a substitution of a new one.

3. The allowance of an amendment to the notice of motion for new trial will not be reviewed unless there has been an abuse of discretion.

4. Where, in an action brought by an executrix, a person was made a party defendant in the summons and complaint, but the summons was never served on him, and he never appeared, his testimony was not governed by Comp. Laws, § 5260, providing that, in actions by or against executors, neither "party" shall testify against the other as to any transaction with testator.

5. The fact that a witness is interested in the issue of an action is not sufficient, under said statute, to exclude his testimony.

6. On motion to exclude evidence on the ground of insufficiency of the answer, the pleading must be liberally construed, and an allegation that plaintiff knew that defendant was a surety on a note will be taken as a direct allegation of suretyship.

7. Where the maker of a note, being insolvent, agreed to pay an independent debt which he owed the payee, if the latter extend the note, the fact of such insolvency did not make the consideration a valid one, so as to discharge a surety on the note.

(Opinion filed March 5, 1898.)

Appeal from circuit court, Yankton county; Hon. E. G. SMITH, Judge.

Action by Lucy M. Bunker, as executrix, against C. B. Taylor and another, on a promissory note. C. B. Taylor was not served with summons, and a verdict was rendered against the other defendant, Maris Taylor, and a new trial granted him, and plaintiff appealed. Affirmed.

The facts are stated in the opinion.

*C. J. B. Harris* and *French & Orvis*, for appellant.
*Robert B. Tripp*, for respondent.

CORSON, P. J. This is an appeal from an order granting a new trial. On the trial of the case the material evidence on the part of the defendant, presented by deposition and other evidence offered, was excluded by the court, and a verdict directed in favor of the plaintiff. On application of the defendant, a new trial was granted, and from the order the plaintiff appealed.

It is conceded that the new trial was granted by the court for errors alleged in excluding defendant's evidence and upon questions of law alone. Before proceeding to discuss the case upon the merits, there are preliminary questions of practice to be disposed of. In the notice of intention to move for a new trial it was stated the motion would be made upon the minutes of the court, but the particular errors relied upon were not stated, as required by Subdivision 4 Sec. 5090, Comp. Laws. On the hearing of the motion for a new trial, the plaintiff objected to its consideration by the court upon the ground that the notice of intention did not "specify the particular errors" upon which the defendant would rely. Thereupon the defendant moved the court for leave to amend his notice by inserting therein the specification of the errors upon which he would rely. The motion was granted and the amendment made. The appellant contends that the court exceeded its jurisdiction in allowing the amendment, as it was, in effect permitting the respondent to give a new notice of intention after the time for giving such notice had expired. We are of the opinion that, under the liberal provisions of Secs. 4939, 5093, Comp. Laws, the court was vested with power to grant relief in such a case upon such terms as might be just, and, in our view, it is not material whether the insertion of the specific errors relied upon be regarded as an amendment of the old notice of intention or a new notice. We are of the opinion, however, that the proceeding was an amendment of the notice of intention, and not the withdrawal of the old notice and the substitution of a new notice. The motion was for leave to amend the notice of in-

tention, and this motion was granted. Thereupon the respondent filed an "amended notice," in which the specifications required were inserted, and upon this amended notice the motion for a new trial was heard and decided. When an amendment in the proceedings has been allowed, the action of the trial court will not be reviewed, unless there has been an abuse of such discretion. The provisions of our Code of Civil Procedure relating to amendments, granting extensions of time, and permitting proceedings to be taken after expiration of time, clearly indicate the intention of the lawmaking power to have cases disposed of on their merits, as far as consistent with the rights of the adverse party; and, in order to carry this intention into effect, courts are not only authorized, but required, to exercise the powers vested in them liberally, in furtherance of justice. The decisions of courts, therefore, of other states, having less liberal provisions upon the subject of amendments, allowing proceedings after time, and permitting a new time to be fixed, within which an action may be done, affords us but little aid in construing the provisions of our own Code upon the question presented. In Davis v. Cook, 9 S. D. 319, 69 N. W. 18, this court held that the court properly allowed a bill of exceptions to be amended by inserting therein a statement of the particular errors relied upon. By analogy, the same principle would apply to a notice of intention. We are of the opinion, therefore, that the court very properly allowed the notice to be amended.

This brings us to the merits of the motion. The action was instituted by an administratrix to recover an amount claimed to be due the estate upon a joint and several promissory note executed by the defendant Maris Taylor and one C. B. Taylor. C. B. Taylor, though named as a party in the summons and complaint, was not served either personally or by publication. On the trial the defendant Maris Taylor offered in evidence a deposition of C. B. Taylor for the purpose of proving the defenses set up in his answer, one of which was

that certain sums had been paid on the note by C. B. Taylor to said J. V. Bunker in his lifetime. Appellant, who was plaintiff in the court below, contends "that the evidence of C. B. Taylor was inadmissible, for the reason that he was a party to the action, and therefore, under Subd. 2, § 5260, Comp. Laws, he could not testify as to any transaction whatever with, or statement by, the testator or intestate." The witness, after being interrogated as to certain preliminary matters, was asked the following question: "Is there anything else pertinent to this case that you desire to now state? A. Yes, sir; I would like to say that about November, 1895, I paid $50; and May, 1892, I paid $30; and in December, 1893, I think I paid $40. All of said sums should have been credited on the $330 note." The plaintiff objected to the evidence "for the reason the same is incompetent, irrelevant, and states a conclusion of the witness. It does not show to whom the money was paid, or that any election was ever made that it be applied upon the note involved in this suit, and for the further reason that it purports to detail a transaction had, if pertinent in this case at all, with a deceased person, whose representative is the plaintiff in this action." The objection was sustained, and the defendant excepted.

The first grounds of the objection do not merit much consideration. The witness had been testifying in regard to the note in suit, and must have been understood as speaking of that note when testifying as to payments made, and that he referred to payments made to J. V. Bunker, in person, as to the $30 and $40 payments made in 1892–93. Appellant contends that these payments may have been made upon the rent account, but, taking the whole answer of the witness, it would seem clear that he was correct in saying the payments were made upon the note; for he says in the spring of 1893, in April, he was indebted to said Bunker for rent in about $100, and that upon the agreement stated he paid that sum to him. So, if his testimony is true, the payments were made upon the note in this case.

The last objection presents an important question. Section 5260 provides "that no person offered as a witness in an action * * * shall be excluded * * * except as hereinafter provided." The first exception relates to husband and wife. The second exception, found in Subd. 2 of the section, is the one applicable to this case, and reads as follows: "In civil actions or proceedings by or against executors, administrators, heirs at law, or next of kin, in which judgment may be rendered or order entered, for or against them, neither party shall be allowed to testify against the other, as to any transaction whatever with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party." It will be noticed that the controlling words are "neither party shall be allowed to testify." Respondent insists that, though C. B. Taylor was named as a party in the summons and complaint, he, never having been served personally or by publication of the summons, and never having appeared in the action, was not, within the meaning of the statute, a "party" to the action. Appellant contends that the fact that C. B. Taylor had never been served nor appeared in the action would not render him competent as a witness, as he was a party of record, and was interested in the result of the action, being a joint maker of the note, and liable to Maris Taylor for a contributory share of such sums as he might be adjudged to pay, and if, as claimed, the principal, then liable for the whole amount which Maris Taylor might be required to pay, in case a judgment was rendered against him in the action. We are not inclined to extend the exceptions beyond the express language of the statute. The policy of the legislature seeme to have been to render all persons competent to testify, except in the cases specified, and, to render a witness incompetent, he must come clearly within the exception. Taking this view of the statute, we are of the opinion that the respondent is clearly right in his contention, and that C. B. Taylor was not a party, within the meaning of the exception.

Merely inserting the name of a person in a summons and complaint does not make that person a party to the action. To make him a party, he must, in some manner, be served with a summons. Sec. 4892, Comp. Laws, provides that "civil actions in the courts of this state shall be commenced by the service of a summons." Under the provisions of this section, no person can be deemed a party to an action nntil he is served with summons. Sec. 4858 apparently qualifies the provisions of Sec. 4892. By that section it is provided that "an attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered, with intent that it shall be actually served, to the sheriff; * * * but such attempt must be followed by the first publication of the summons, or service thereof, within sixty days." This section is found in the chapter relating to "Time of Commencing Actions," and was evidently intended to prevent the statute of limitations from becoming a bar to the action, and, possibly, its provisions should be confined to cases arising under that statute. But, whether that be so or not, the provisions of that section do not effect this case, as there has been no service of the summons, either personally or by publication, and no appearance in the action by C. B. Taylor, and hence he did not become a party to the action, within the meaning of the statute.

Appellant contends that C. B. Taylor is interested in the issue, but this, under the provisions of our statute, is not sufficient to exclude him as a witness. While this would be a ground for his exclusion, under the statutes of many of the states, it is not made a ground for such exclusion in this state. The provisions of our statute seem to be substantially a copy of the provisions of the statute of the United States upon this subject. The supreme court of the United States, in construing the section in the United States statute in Potter v. Bank, 102 U. S. 163, says: "The proviso of Sec. 858 excludes only one of the classes described in its first clause,—those who are,

technically, parties to the issue to be tried,—and we are not at liberty to suppose that congress intended the word 'party,' as used in that proviso, to include both those who, according to the established rules of pleading and evidence, are parties to the issue, and those who, not being parties, have an interest in the result of that issue." The court, therefore, erred in excluding the evidence of C. B. Taylor as to payments made by him upon the note, and for this error the court properly granted a new trial.

While a decision upon the second question presented may not be necessary on this appeal, in view of the fact that the question was fully argued and will necessarily arise on another trial, we have concluded that it would be proper to consider it at this time. The defendant Maris Taylor was permitted on the trial to amend his answer by adding the following defense: "For a further defense, the defendant Maris Taylor alleges that, in the spring of 1893, it was mutually agreed, by and between said Bunker, payee of said note, and the defendant C. B. Taylor, that, if the latter would pay the said Bunker one hundred dollars rent, the same being another indebtedness that was due and owing to said Bunker from said Taylor, said Bunker would extend the time of payment of said note for at least six months; that said Taylor was then insolvent, but, acting upon the said promise and agreement of said Bunker, he paid one hundred dollars rent to said Bunker; that, at the time of granting such extension of payment, the said Bunker knew that said defendant was a mere surety upon said note, and the said extension was granted without the knowledge or consent of this defendant." The evidence offered to prove this defense by the deposition of C. B. Taylor was objected to by the plaintiff upon the following grounds: "For the reason that the same is incompetent, and it purports to detail a transaction had between one of the defendants in this case and J. V. Bunker, who is now deceased, and is represented in this case by the executrix of his estate; and for the further reason

that the facts pleaded in the amended· answer, which this evidence is offered to support, do not state facts sufficient to constitute any defense." The objection was sustained, and the defendant excepted. The only objection now to be considered is that the answer did not state facts sufficient to constitute a defense. It is contended by respondent that Maris Taylor was surety upon the note, and that this fact was known to said Bunker, the payee in said note, and the said payee, upon a valid consideration, extended the time of payment without the knowledge and consent of the surety, and therefore the surety was released from further liability on the note. It is contended by appellant that the answer is defective, because it does not in terms allege that Maris Taylor was a surety upon the note. On motion to exclude the evidence on the ground of its insufficiency, the pleading must be liberally construed, and we think it is sufficient. Assuming, then, that the pleading is sufficient in form to admit the evidence offered, were the facts stated sufficient to constitute a defense, and was the evidence offered admissible? Sec. 4298 provides that "one who appears to be a principal, whether by the terms of a written instrument, or otherwise, may show that he is in fact a surety except as against persons who have acted on the faith of his apparent character of principal." This was the former rule in equity, and is now made applicable to actions at law as well. Railroad Co. v. Costigan, 2 Sandf. Ch. 306; Artcher v. Douglass, 5 Denio 509. See Civ. Code N. Y. §1559, and notes of commissioners. It seems to be well settled that if the creditor agrees with the principal debtor to extend the time of payment upon a valid consideration, without the consent of the surety, the surety is released from liability. To show a valid consideration, the respondent alleged and offered to prove that at the time C. B. Taylor made the agreement to pay the $100 rent due to Bunker, and did in fact pay the same, he was insolvent. It seems to be well settled that an agreement to pay a sum past due is not a good consideration for an extension of time.

Jennings v. Chase, 10 Allen 526; Reynolds v. Ward, 5 Wend. 502; Gahn v. Niemcewicz's Ex'rs, 11 Wend. 312.    This proposition is not controverted by the respondent, but he contends that the fact that C. B. Taylor was insolvent takes the case out of the general rule.    No decision is cited in support of this proposition, and in our researches we have failed to find any.    C. B. Taylor ageed to do, and did do, only what in law he was already bound to do by his contract.    We are of the opinion that the supreme court of Massachusetts laid down the true rule in Jennings v. Chase, *supra.*    In that case the court said: "The true principle which must govern all cases of this sort must be that, in order to constitute a valid consideration, the promise of the debtor must be to do something which he is not already bound by his note or contract to do, or the act done by him must be something that he was not thus bound to do.    Upon this principle, the payment of a part of the debt after it has become due, or a promise to pay a part of it at some future time, is not a valuable consideration. Chit. Const. (7th Am. Ed.) 51."    Applying the principle announced in that case to the case at bar, it will be seen that neither the agreement of C. B. Taylor to pay the rent then due, nor his payment of it, constituted a valuable consideration for the agreement alleged.    His insolvency did not relieve him from his liability to pay the rent.    The answer, therefore, did not state facts sufficient to constitute a defense, and the evidence was properly excluded.    The order of the court below is affirmed.