# NELS J. THYSELL and Others v. HALVOR O. HOLM.[1]

February 6, 1914.

Nos. 18,421—(228).

**Extension of note — consideration.**

An extension of a promissory note which will release a nonconsenting surety must, like any other contract, be based upon a consideration. A promise by a debtor to pay a past-due debt is not a legal consideration. [Reporter.]

Action in the district court for Clay county to recover $243.65 upon two promissory notes. The case was tried before Taylor, J., who granted plaintiffs' motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Christian G. Dosland*, for appellant.

*W. George Hammett*, for respondent.

PER CURIAM.

Suit on two promissory notes executed by father and son. The father alone answered, alleging as a defense that he was a surety and that plaintiffs with knowledge of that fact, for a valuable consideration, extended the time of payment to the son without the consent of the father. The court directed a verdict for plaintiffs. The appeal is from the order denying a new trial.

After the maturity of the notes, the son was asked to pay a past-due book account which he owed plaintiffs. He testified that plaintiffs threatened to bring suit against the makers of the notes, unless he paid this book account, and thereupon he agreed to pay the account, if plaintiffs would extend the time of payment of the notes until the following fall. He claims plaintiffs accepted his promise, which he kept by thereafter paying or adjusting this book account. An extension of the time of payment of a promissory note which will release a nonconsenting surety must, like any other contract, be based on a consideration. The sole consideration as disclosed by appellant's evidence was the promise of the son to pay a past-due debt. This was not a consideration in a legal sense. He promised no more than he was already obligated to do. Abel v. Alexander, 45 Ind. 523, 15 Am. Rep. 270; Hughes v. Southern Warehouse Co. 94 Ala. 613, 13 South. 133; Ingels v. Sutliff, 36 Kan. 444, 13 Pac. 828; Bunker v. Taylor, 10 S. D. 526, 74 N. W. 450; Jennings v. Chase, [10 Allen] 92 Mass. 526; First State Bank of Montgomery v. Schatz, 104 Minn. 425, 116 N. W. 917.

Order affirmed.

[1] Reported in 145 N. W. 164.