E. M. PROUTY v. GEORGE BARLOW.

November 3, 1898.

Nos. 11,207—(54).

**Chattel Mortgage — Possession by Mortgagee — Attachment or Execution Creditor.**

> If a mortgagee or pledgee takes possession of the mortgaged or pledged chattels before any other lien attaches thereto, his title is valid as against subsequent attachment or execution creditors, there being no fraud in fact, although the mortgage was not filed nor the chattels delivered when the contract of pledge was made.

Action in the district court for Polk county to recover the possession of a quantity of grain alleged to be of the value of $2,230, and $500 damages for its detention. The cause was submitted to the court, Ives, J., on an agreed statement of facts, and judgment was ordered in favor of plaintiff for the possession of the grain. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*H. Steenerson* and *McDermont & Mayer*, for appellant.

If, in face of all the facts and presumptions to the contrary, we admit, for the sake of the argument, that plaintiff was in possession of the grain at the time of the levy, yet, it appearing that Thompson and plaintiff were tenants in common, possession by either of the property so owned, before division, will be presumed to be a possession for the common benefit of both owners, and would not interfere with the rights of the levying creditors, unless it specifically appears that the tenant in possession was holding adversely to his co-tenant. Putnam v. Wise, 1 Hill, 234; Melin v. Reynolds, 32 Minn. 52.

*A. A. Miller*, for respondent.

Assuming that plaintiff's interest in an undivided half of the crop is that of mortgagee, yet he was a mortgagee in possession. It was therefore immaterial whether the mortgage was filed or not. As against a mortgagee in possession, defendant was not entitled to

the possession of the property. Cotton v. Watkins, 6 Wis. 629; Frisbee v. Langworthy, 11 Wis. 375.

START, C. J.

This is an action of replevin for the recovery of a certain quantity of grain, consisting of wheat, oats and barley, which the defendant, as constable, levied upon and detained by virtue of two executions issued upon certain judgments against Elias Thompson. Judgment for the plaintiff for the return of the grain, from which the defendant appealed.

There was no controversy as to the facts on the trial of the action, and the trial court made its findings of fact in accordance with the stipulation of the parties. Briefly stated, the facts found are these:

The plaintiff on December 10, 1894, was, and still is, the owner in fee of a certain farm, and on that day entered into a written contract with Elias Thompson, who thereby agreed on his part to till the farm for the farming season of 1895, and sow and plant it with such crops as the plaintiff should direct. Thompson also agreed to furnish all farm implements, teams and assistance for the cultivation of the farm, to harvest and thresh the crops raised thereon, and, after taking off the crop, to plow prior to October 15, 1895, so much of the farm as was plowed when he took possession thereof, and to keep in repair the structures thereon. He further agreed to cut and stack the hay grown on the farm, and was to have one-half thereof, less the amount of hay advanced to him by the plaintiff. In consideration of these promises the plaintiff agreed to furnish the seed to sow the farm, to ship the grain so to be raised in his own name, and, when Thompson had performed the conditions of the contract on his part, to give him one-half of the proceeds thereof, less any advance made to him, and any indebtedness then due from him to the plaintiff. By the terms of the contract there was to be no division of the grain, but the whole thereof was to be shipped in bulk, and, when Thompson had fulfilled the terms of his contract, one-half of the proceeds were to be given to him, after deducting such indebtedness and advances; and until such time the

title and possession of the grain were to be and remain in the plaintiff.

The grain in question was raised on the plaintiff's farm during the farming season of 1895, pursuant to the terms of the contract. It was of the aggregate value of $2,230, and was, immediately after it had been threshed, placed in granaries on the farm of the plaintiff. Thereafter, and on November 25, 1895, the defendant levied on the whole of the grain by virtue of the executions. The plaintiff prior to the levying of these executions had advanced to Thompson $2,279.89, no part of which had been paid; nor had he paid an indebtedness of $502.01 due the plaintiff at the time of the making of the contract. He had also failed to do the plowing as stipulated. The contract was never filed in the town clerk's office, and the execution creditor did not know of its existence. The plaintiff duly demanded of the defendant a return of the grain.

The trial court, as a conclusion of law from these facts, found that the plaintiff was entitled to the possession of the grain, and ordered judgment accordingly. The record presents the sole question whether this conclusion is sustained by the facts found.

The defendant's counsel claim that the plaintiff and Thompson, the execution debtor, were tenants in common of the grain raised pursuant to the contract, and that the plaintiff's interest in the undivided share thereof belonging to Thompson, if any, was that of a mortgagee, and, the mortgage having never been filed, it was void as to the execution creditor. They rely, in support of the proposition that the parties were tenants in common, upon the case of Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617.

The plaintiff's counsel, on the contrary, claims, in effect, that by no interpretation of the contract which will give effect to all of its terms can it be held that the parties thereto were, or ever intended to be, tenants in common of the grain; that the compensation to be paid to Thompson for his services and expenses in raising and securing the crop for the plaintiff was one-half of the amount realized from a sale of the grain, or, in other words, that Thompson was hired to raise and secure the crop, and that the mode and amount of his compensation therefor related to, and depended upon, the crop raised (citing Porter v. Chandler, 27 Minn. 301, 7 N. W. 142);

and, further, that it is immaterial, under the facts found, whether the parties were tenants in common or not, for, conceding they were, the plaintiff had by the terms of the contract a lien by way of a mortgage or pledge (it matters not which) on Thompson's share of the grain, to secure a performance of the terms of the contract on his part, including the payment of advances made to him, and that before the defendant acquired any lien thereon by his levy, and at the time thereof, the plaintiff was in the actual possession of the whole of the grain, and that Thompson was then in default.

It is not necessary to pass upon the first proposition urged by plaintiff's counsel; for, taking the findings as a whole, it must be held that the plaintiff was in the exclusive possession of the whole of the grain at the time the levy thereon was made by the defendant. This being so, this case is a very simple one; for, conceding, without so deciding, that the parties to the farm contract were co-tenants in the crop, still the plaintiff was given by the terms of the contract a lien on the execution debtor's share of the grain, by way of a mortgage or pledge. The defendant's counsel say it was a mortgage, but it is immaterial which it was. The findings show that this lien was based upon a valuable consideration, and created under circumstances which rebut any inference of fraud in the premises. The case then falls within the rule that, if a mortgagee or pledgee takes possession of the mortgaged or pledged chattels before any other lien attaches thereto, his title is valid as against subsequent attachment or execution creditors, there being no fraud in fact, although the mortgage was not filed or the chattels delivered when the contract of pledge was made. Jones, Chat. Mort. §§ 178, 245; Jones, Pledges, § 38; Baker v. Pottle, 48 Minn. 479, 51 N. W. 383; Clark v. B. B. Richards Lumber Co., 68 Minn. 282, 288, 71 N. W. 389.

Judgment affirmed.