WOODLAND COMPANY v. LUTHER MENDENHALL and Another.[1]

February 14, 1901.

Nos. 12,452—(231).

### Sale of Feed Wire—Possession—Vendor's Lien.

Defendant Duluth Street-Railway Company purchased and strung along the line of the Motor Line Improvement Company's street railway, in the city of Duluth, a large quantity of feed wire, under an agreement that the latter company would repay to defendant the purchase price thereof. The motor company never paid for such wire, and the indebtedness therefor was assigned and transferred to defendant Mendenhall. In this action, one in claim and delivery for the possession of the wire, brought by plaintiff, successor to all the rights of the motor company, it is *held* that the findings of the trial court to the effect that the wire in question was furnished by the street-railway company under an agreement with the motor company that the former should retain a lien thereon for the purchase price, and retain and hold possession and control thereof until the same was paid; that defendant at all times did retain possession and control of the wire sufficient to support and sustain the lien; and that the particular wire in question in this action was not in issue nor involved in an action by plaintiff against these defendants to foreclose a trust deed executed prior to this transaction by the motor company upon its line of railway, nor in an action between the same parties to determine the adverse claims to such line of railway,—are sustained by the evidence.

### Vendor's Lien—Judgment on Promissory Note for Price.

A vendor's lien for the purchase price of personal property is not lost nor waived by the acceptance by the holder thereof of the promissory

[1] Reported in 85 N. W. 164.

note of the debtor for the amount of the debt, nor by subsequently bringing action on such note, and obtaining judgment thereon.

**Same.**

Such lien survives and continues, notwithstanding the acceptance of the promissory note, and the recovery of the judgment thereon, so long as the debt remains unpaid, and the lien claimant retains the possession and control of the property against which it exists.

**Assignment—Liens.**

An assignment and transfer of a debt carries with it all liens and securities for its payment. No separate assignment of the lien or security is necessary.

**Possession by Lien Claimant.**

In cases where the retention of the possession of personal property is essential to the preservation of a lien thereon for the purchase price, continued actual physical possession is not necessary; it is sufficient in such case if the lien claimant retains such possession as will preserve in him the actual control of the property.

Action in the district court for St. Louis county against Luther Mendenhall, as receiver of Duluth Street Railway Company and individually, and another to recover possession of copper wire. The case was tried before Dibell, J., who found that plaintiff was entitled to 18,394 feet of the wire, and defendants to 13,029 feet. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Jacques & Hudson* and *John G. Williams*, for appellant.

The sale of the wire by the street-railway company to the motor-line company was absolute, and delivery of possession complete at the time of sale. If a lien for the price was reserved, it was thereafter lost and waived by the dealings of the parties. Combs v. Tuchelt, 24 Minn. 423; Johnson v. Smith, 30 Tenn. 397. The decree in the foreclosure action is a bar to defendant's claim. The decree in the action to determine adverse claims is conclusive against defendants. Doyle v. Hallam, 21 Minn. 515; Bazille v. Murray, 40 Minn. 48; Merchants Nat. Bank v. Stanton, 55 Minn. 211.

*H. B. Fryberger*, for respondent.

The right to the wire reserved by the street-railway company could not be cut off by the mortgage or by foreclosure or by the action to determine adverse claims. See Prouty v. Barlow, 74 Minn. 130. There is no evidence that anything was said as to time of payment or credit, and therefore the presumption is that the transaction was for cash. Globe M. Co. v. Minneapolis Ele. Co., 44 Minn. 153, 156; Sanborn v. Shipherd, 59 Minn. 144. So long as physical possession is held, the vendor's lien is protected, though there has been delivery sufficient to satisfy the statute of frauds. Holly Mnfg. Co. v. New Chester W. Co., 48 Fed. 879; Globe M. Co. v. Minneapolis Ele. Co., supra; 21 Am. & Eng. Enc. 608; 1 Benjamin, Sales, § 735; 2 Schouler, Pers. Prop. §§ 552, 557; Townsend v. Hargraves, 118 Mass. 325, 333; S. W. v. Stanard, 44 Mo. 71, 79; Heinz v. Railroad, 82 Mo. 233; Muller v. Pondir, 55 N. Y. 325, 337; Snee v. Prescot, 1 Atk. 245; 2 Kent, Com. 541; White v. Welsh, 38 Pa. St. 396; 1 Jones, Liens, § 808; Thompson v. Baltimore, 28 Md. 396.

The wire when strung on the poles was personal property. Keasbey, Elec. Wires (2d Ed.) § 277; Merchants Nat. Bank v. Stanton, 55 Minn. 211; Farmers L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 548; Wolford v. Baxter, 33 Minn. 12; Shapira v. Barney, 30 Minn. 59; Stout v. Stoppel, 30 Minn. 56; Ingalls v. St. Paul, M. & M. Ry. Co., 39 Minn. 479; Little v. Willford, 31 Minn. 173; Pioneer S. & L. Co. v. Fuller, 57 Minn. 60; N. W. Mut. L. Ins. Co. v. George, 77 Minn. 319; U. S. v. New Orleans R., 12 Wall. 362; Fosdick v. Schall, 99 U. S. 235; Porter v. Pittsburg B. S. Co., 122 U. S. 267. Possession of personal property either by oneself or agent is notice of the rights of the party therein. Prouty v. Barlow, supra; Groff v. State Bank of Minneapolis, 50 Minn. 234; Conrad v. Fisher, 37 Mo. App. 352; General v. Transit, 57 N. J. Eq. 460; N. W. Mut. L. Ins. Co. v. George, supra; German v. Weber, 16 Wash. 95; Farnsworth v. Western, 6 N. Y. Supp. 735; Tifft v. Horton, 53 N. Y. 377. By the foreclosure of the mortgage the purchaser at the sale stood in no better position than the mortgagee. Vail v. Weaver, 132 Pa. St. 363; U. S. v. New Orleans R., supra. A junior incumbrancer by foreclosure of his lien cannot

cut out a superior lien. 2 Jones, Mort. §§ 1439–1445. Such superior lien claimant is a proper party to the foreclosure suit, but is not a necessary party. Banning v. Bradford, 21 Minn. 308; Foster v. Johnson, 44 Minn. 290. Purchasers at execution or mortgage sale acquire only the rights which the judgment debtor had, hence they cannot claim articles annexed to realty as against one claiming under an agreement for the right of removal. Vail v. Weaver, supra; 13 Am. & Eng. Enc. 633; Miller v. Wilson, 71 Iowa, 610; Haven v. Emery, 33 N. H. 66; German v. Weber, supra; Tifft v. Horton, supra; Campbell v. Roddy, 44 N. J. Eq. 244; Manwaring v. Jenison, 61 Mich. 117. See G. S. 1894, §§ 5458, 5817.

The assignment of the debt by the street-railway company to Mendenhall did not waive the lien. The security being a mere incident of the principal debt, an assignment of the debt passes either a legal or equitable interest in the pledge, unless it is otherwise agreed. 18 Am. & Eng. Enc. 663; Jones, Pledges, § 418, note; Kinney v. Duluth Ore Co., 58 Minn. 455, 458; N. W. Mut. L. Ins. Co. v. George, supra; Schlieman v. Bowlin, 36 Minn. 198; Colebrooke, Col. Sec. §§ 162, 542n; Lawson, Bailm. § 57; Jones, Pledges, § 418; Edwards, Bailm. (3d Ed.) § 318.

A lien or right to the wire was reserved by express agreement regardless of the question of possession, which is held to be valid. 1 Jones, Liens (2d Ed.) § 816; Bunn v. Valley, 51 Wis. 376; Sawyer v. Fisher, 32 Me. 28, 30; Gregory v. Morris, 96 U. S. 619. If a mortgagee or pledgee takes possession before any other lien attaches, his title is valid as against subsequent attachment or execution creditors, although the mortgage was not filed nor the chattels delivered when the contract of pledge was made. Prouty v. Barlow, supra; Ellingboe v. Brakken, 36 Minn. 156; Howe v. Cochran, 47 Minn. 403; Clark v. B. B. Richards L. Co., 68 Minn. 282, 288. Mendenhall, who was the successor to the street railway, knew the agreement relative to holding the wire until it was paid for. He was in possession and had the right to hold it until he was paid according to agreement. See also as to what is sufficient delivery: Lathrop v. Clayton, 45 Minn. 124; Knoblauch v. Kronschnabel, 18 Minn. 272 (300). The transfer of possession necessary to a valid pledge does not require manual delivery.

No formal delivery is required. Combs v. Tuchelt, 24 Minn. 423, 426. Taking a negotiable demand note for the price does not waive the vendor's lien. 1 Jones, Liens (2d Ed.) § 854; Clark v. Draper, 19 N. H. 419; Washington S. Co. v. Burdick, 60 Minn. 270; Geib v. Reynolds, 35 Minn. 331; 21 Am. & Eng. Enc. 607. Nor is the lien waived by obtaining judgment on the debt, nor by partial satisfaction on execution. Jones, Pledges, § 591; 16 Enc. Pl. & Pr. 636; Lawson, Bailm. § 59; Colebrooke, Col. Sec. (2d Ed.) § 105; Edwards, Bailm. (3d Ed.) § 318; Conrad v. Fisher, 37 Mo. App. 352.

BROWN, J.

This action is one in claim and delivery for a quantity of copper wire. It was brought to recover the possession of 31,423 feet of such wire, but only 13,029 feet are in dispute. Defendants had judgment therefor in the court below, and plaintiff appeals from an order denying a new trial.

The cause was tried below without a jury, but the trial court made no specific findings of fact, and only found the ultimate fact that defendants were entitled to the possession of the wire. Nor was any request made for specific findings. So if the evidence, upon any theory consistent with legal principles, will sustain the ultimate fact so found, the order appealed from must be affirmed.

The principal facts in the case, as we gather them from the evidence and concessions in the briefs of counsel, are about as follows: In October, 1892, the Motor Line Improvement Company, a corporation, owned a partly-equipped line of street railway in the city of Duluth, extending from East Twenty-Seventh street, in said city, to Woodland Park. At that time said company entered into a contract or agreement with the Duluth Street-Railway Company, by which the latter company undertook, under certain terms and conditions specified and set forth in the writing, to operate the motor company's line in connection with its own line. It was under no duty or obligation, under the contract, to equip the motor company's line. Such line was fully equipped for all ordinary traffic at the time the agreement was entered into, and the street-railway company agreed to keep and maintain it in that condition.

It was subsequently learned that the equipment of the line provided by the motor company was inadequate, with respect to feed wire, to furnish power on certain public occasions when large bodies of the people made use of the line, and, to supply the necessary power, the wire in question was purchased by the street-railway company, and strung on the poles of the motor line, under an agreement between the two companies to the effect that the street-railway company should obtain a vendor's lien upon the wire, and hold possession thereof until paid for by the motor company. The Motor Line Improvement Company was unable, for want of funds, to purchase the wire, and under this agreement the street-railway company purchased and paid therefor the sum of about $3,500, which amount includes the expense of stringing the wire on the poles. At the time of making such contract, Mendenhall was, and ever since has continued to be, the president of the street-railway company, and was in 1898, in insolvency proceedings, appointed its receiver, and has ever since continued to act as such. The purchase price of the wire was charged to the motor company on the books of the street-railway company, and the motor company subsequently gave its promissory note for the amount. The note and indebtedness were thereafter assigned and transferred to defendant Mendenhall, who still holds the same. The wire has never been out of the possession of the street-railway company, or of Mendenhall, its receiver, since the day of its purchase. No part of the purchase price of the wire has ever been paid, and defendants claim a purchase-money lien thereon.

Plaintiff asserts title and right to the possession of the wire through a trust deed executed by the motor company to secure the payment of $200,000, an indebtedness incurred by that company in the construction and equipment of its road. The deed was executed in 1892, long prior to the date of the transactions between the motor company and the street-railway company, and purports to cover all the line of railway in question, including wires, poles, and such other fixtures and equipments as might thereafter be acquired as a part of the railway line. Default was made in the payment of the amount secured by the trust deed,

and it was duly foreclosed in 1898. Plaintiff became the purchaser at the sale of all the property covered by the trust deed and included in the foreclosure, and bases its right to the wire in question upon such foreclosure, and upon the further claim that subsequent to the foreclosure, and after the expiration of the period of redemption, it brought an action against these defendants to determine adverse claims to such property, and obtained a judgment confirming its title. Such is the source and foundation of plaintiff's claim to the wire.

Plaintiff contends (1) that the sale of the wire from the street-railway company to the motor company was absolute, and delivery of possession was complete and unconditional at time of sale; (2) if a lien for the purchase price was in fact reserved, it was thereafter lost and waived by the dealings of the parties; and (3 and 4) that the foreclosure action and the action to determine adverse claims bar defendants' claim. The findings of the court below negative all these contentions, and the only question for us to determine is whether the findings are sustained by the evidence.

There is no question but that the street-railway company purchased and paid for the wire under an agreement that the motor company should repay the cost thereof, and no claim that the street-railway company has ever been repaid or otherwise reimbursed by the motor company or by plaintiff. The removal of the wire from the poles in no way injured the line of railway, nor lessened, diminished, or impaired the security covered by the trust deed, or deprived the holder thereof of any right conferred thereby, and, as remarked by the learned trial judge, unless some decisive rule of law requires the wire to be taken from defendants, who hold it as security for the purchase price, and given to plaintiff, it should be left with those who paid value for it.

It is claimed by defendants that neither the title nor the right to the possession of the wire ever passed to the motor company; that the passing of such title was expressly conditioned upon payment being made therefor; and that the street-railway company retained by agreement a lien thereon for the purchase price, and that such lien is still subsisting and of full force and effect.

The court below must have found the facts accordingly. They are embraced in the ultimate fact that defendants are entitled to the possession of the wire. A careful examination of the record satisfies us that the evidence justifies the conclusions reached by the trial court; at least, it is not so clearly against the findings as to warrant this court in setting them aside. It is not as clear and definite as might be desired, perhaps, but tends to support and sustain the claim of defendants, and we sustain the conclusions of the trial court.

The wire was purchased to be used in operating the motor company's line, not to equip it. The street-railway company was under no obligation to furnish it under the operating contract. It was furnished under the separate contract and agreement made subsequently, was used exclusively in operating the line, and was at all times in the possession and under the control of the street-railway company, or Mendenhall, its receiver. They retained all the possession the nature of the property and the uses to which it was put would permit. It was never given into the possession of the motor company, and such company never had other than such constructive possession as might arise by implication of law from the fact that it was upon its poles along its line of railway. But as such railway line, and all its fixtures and equipments, were, at the time in question, out of its possession and control, and in the possession of the defendants, such constructive possession can, in no view of the law, have effect to devest the lien held by the street-railway company. The wire not only never got into the possession of the motor company, but remained personal property, and never became a part of its line of railway. The court below was therefore fully justified in finding a possession of the wire in the street-railway company or Mendenhall sufficient to support and sustain the lien for its purchase price. Globe M. Co. v. Minneapolis Ele. Co., 44 Minn. 153, 46 N. W. 306; S. W. v. Stanard, 44 Mo. 71, 79; Merchants Nat. Bank v. Stanton, 55 Minn. 211, 56 N. W. 821; Farnsworth v. Western, 6 N. Y. Supp. 735; German v. Weber, 16 Wash. 95, 47 Pac. 224; Prouty v. Barlow, 74 Minn. 130, 76 N. W. 946; Holly Mnfg. Co. v.

New Chester W. Co. (C. C.) 48 Fed. 879; N. W. Mut. L. Ins. Co. v. George, 77 Minn. 319, 79 N. W. 1028, 1064.

In the case of Merchants Nat. Bank v. Stanton, supra, it appeared that defendant therein had constructed a building upon land not owned by him, but which he was occupying with the permission of the owner, but with no agreement or understanding with such owner that the building should be considered personal property, and the court implied an agreement that it should remain the personal property of defendant, notwithstanding the fact that it was attached to the real estate and equipped as a factory; and that, too, as against a prior mortgagee. If such an agreement was properly implied as a matter of law in that case, a similar implication would arise and should be applied in this case, to the extent necessary to preserve the defendants' lien. See also as pertinent to the subject, Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; Pioneer S. & L. Co. v. Fuller, 57 Minn. 60, 58 N. W. 831; U. S. v. New Orleans R., 12 Wall. 362; and Porter v. Pittsburg B. S. Co., 122 U. S. 267, 7 Sup. Ct. 1206.

There was no separate assignment of the lien claim to Mendenhall; but it was not necessary that it be independently assigned. It is well settled that the assignment and transfer of a debt carries with it all liens or other securities for its payment. Kinney v. Duluth Ore Co., 58 Minn. 455, 458, 60 N. W. 23. Nor does the fact that the motor company gave its promissory note for the debt constitute a waiver of the lien. Washington S. Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. Nor was it waived by the fact that the note was put into judgment. Jones, Pledges, § 591; 16 Am. Enc. Pl. & Pr. 636. Notwithstanding the fact that a promissory note was taken for the debt, and the note subsequently put into judgment, so long as the debt remained unpaid and defendants held and retained possession of the wire, under the agreement that it should be held as security, the lien survived, and remained in full force and effect.

Retention of the possession of the property is unquestionably essential to the validity and life of a lien such as defendants rely

upon in this case. And in this connection it is urged by plaintiff that the possession of the wire was not delivered to Mendenhall at the time the debt was assigned to him, and that in consequence the lien, if any existed, became lost and waived. It is not necessary, to give validity to such a lien, that the person entitled thereto retain at all times, and from all persons, the actual physical possession of the property. It is sufficient that he retains such possession as will preserve in him the actual control of the property. He may permit a third person to take and hold possession, but so long as he does not lose control of it, and the property does not reach the possession of the debtor, it remains impressed with the lien. Of course, if it comes lawfully into the possession of the debtor, the lien is lost. We have already noticed that Mendenhall was president of the street-railway company, and subsequently its receiver, and as such operated both lines of railway. In such capacity he had the possession and control of both lines, and of all fixtures and equipments pertaining thereto. It was not necessary to constitute a transfer of the lien claim, under the circumstances shown in this case, that there be an actual physical transfer of the possession of the wire. If the parties had gone through the ceremony of a formal delivery, by words, the situation would have been in no manner changed. The wire would have remained on the poles, and Mendenhall would have continued in the operation of both lines of railway, as before, with the same possession. As before stated, we are satisfied that the trial court was warranted in finding a possession in Mendenhall sufficient to support and sustain the lien. The findings do not disclose the theory of the trial court on this branch of the case.

It is contended by appellant that defendants' claim of lien was barred, and they were estopped from asserting the same, by the judgment entered in the foreclosure action and the judgment in the action to determine adverse claims. There is no finding of fact that this particular wire was involved in either of those actions. The court undoubtedly concluded that it was not; for such conclusion was necessary to the ultimate fact that defendants are entitled to the wire. If the wire was involved in either

of those actions, the judgments therein are beyond question conclusive against defendants; for Mendenhall was made a defendant therein, and failed to appear and defend. But the evidence is not conclusive that it was there involved, and we would not be justified in reversing the lower court on this theory of plaintiff's case. The complaints in those actions do not specially mention this particular wire, and there is no evidence in the record that it was specifically involved in either action. And inasmuch as the title thereto never passed from the street-railway company to the motor company, and the possession thereof at all times remained with defendants, and no attempt was made in either of those actions to interfere with defendants' possession, we cannot say, as a matter of law, that the court should have found with plaintiff on this question. The evidence is not so clearly and palpably in plaintiff's favor as to justify us in doing so. Indeed, in the foreclosure action the complaint distinctly seeks to have adjudged invalid a lien alleged to be claimed by defendant by virtue of a judgment for the purchase price of the wire, but no mention is made of the lien here in question. Having given specific notice in the complaint that plaintiff sought relief against the asserted judgment lien, the plaintiff cannot now be heard to urge that all other claims of lien were necessarily involved and adjudicated in that action. The lien in question was not necessarily involved in the action to determine adverse claims, the wire had never become a part of the motor company's line, but instead remained personal property in the possession of defendants, and it is not usual to determine the title or right to the possession of personal property in an action of that nature.

Order affirmed.