## A. F. CHASE & COMPANY v. GLADYS KELLY.[1]

May 1, 1914.

Nos. 18,538—(84).

**Conditional sale — possession by vendor — measure of damages for detention.**

1. A contract for the sale of an automobile by plaintiff to defendant stipulated that the title should remain in plaintiff until the purchase price was paid in full, according to certain promissory notes then given by defendant, and that if default was made in the payments the seller had right to take possession of the machine. After default plaintiff, having obtained possession, refused to deliver up the car to defendant until the overdue payments were made, and finally sued on the notes representing the balance of the unpaid purchase price. The defendant answered, admitted the execution of the notes, alleged neither payment nor failure of consideration, but set up a counterclaim for depriving her of the possession and use of the automobile for a long period prior to the commencement of the action. It is *held* that, since

[1] Reported in 146 N. W. 1113.

---

Note.—On the question of the conditional seller's right to recover from purchaser possession or value of property on default, see note in 32 L.R.A. 459.

defendant was in default, plaintiff's possession was not wrongful until it began suit, and therefore the court properly limited recovery on the counterclaim to the time subsequent thereto.

**No error.**

2. No prejudicial error occurred in the reception of evidence, nor in denying defendant's request to amend the answer.

Action in the district court for Hennepin county to recover $1,425 upon 12 promissory notes. The facts are stated in the opinion. The case was tried before Booth, J., who denied defendant's motion to dismiss the action on the ground that the notes were executed without any consideration, and denied plaintiff's motion to dismiss the counterclaim of defendant, and a jury which returned a verdict in favor of plaintiff for $1,262.63. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*John M. Rees,* for appellant.

*William W. Bartlett,* for respondent.

HOLT, J.

On April 13, last year, plaintiff sued defendant upon 12 promissory notes. The answer admitted the execution of the notes; and, as a counterclaim, alleged that ever since August 1, 1911, plaintiff had wrongfully deprived defendant of her automobile to her damage in the sum of $6,000, and judgment was prayed against plaintiff for $4,500, the difference, substantially, between the amount due on the notes and the damages claimed. The reply alleged a conditional sale of the automobile by plaintiff to defendant pursuant to which the notes in suit were given; that under the terms of the sale the title of the car was to remain in plaintiff until payment in full was made; that in the event of failure to pay the notes plaintiff was entitled to the possession of the automobile, and that defendant had defaulted in her payments. A claim to the right of possession was also set up because of repairs made upon the car.

It is undisputed that on May 2, 1910, a written contract was entered into between the parties under which defendant agreed to buy the automobile from plaintiff for $2,450, to pay $400 thereof then,

and $125 each month thereafter according to the terms of certain promissory notes, 12 of which are the ones sued on. The contract provided that the title should remain in plaintiff until the car was fully paid for, and if default was made by defendant, plaintiff was authorized to take possession thereof. In July, 1911, defendant had occasion to place the automobile in plaintiff's shop for repairs. After the repairs plaintiff refused to let defendant have the car, unless she paid not only the repair bill but the 9 notes then pastdue and unpaid. Defendant furnished testimony that payment of the repair bill was then tendered, and that issue drops out of the case, for the jury evidently found thereon in her favor. From the time plaintiff refused to let defendant take the car until this action was begun, repeated efforts were made to adjust matters, plaintiff attempting to obtain payment or security for the automobile so that it might be delivered to defendant, and she also making endeavors in that direction, actually paying $250 in the summer of 1912.

The court, after correctly stating that failure on part of defendant to prove a tender of payment of the repair bill, when the car was demanded in July, 1911, would preclude any recovery whatever on the counterclaim, instructed the jury that, defendant having defaulted in her contract, plaintiff's possession of the automobile was not wrongful until this action was begun, "but by the commencement of this action upon the notes here in question, the plaintiff elected to transform the contract under which this sale was made, which is a form of conditional contract, into an absolute contract of sale. That is, at the time when the plaintiff elected to sue upon the note, by making such election, the title to this car vested in the defendant," and the reasonable value of the use of the car from the commencement of the action until the trial should be allowed as a counterclaim to the notes. The jury allowed, in round numbers $425 on the counterclaim. The defendant appeals from the order denying a new trial.

Appellant's main contention is that plaintiff by suing to enforce the payment of the full purchase price has barred itself from claiming immunity from damages for depriving defendant of the possession and use of the car during any of the time subsequent to the making of the original contract. Under our decisions the seller, in a con-

ditional contract of sale which retains title in him until the purchase price is fully paid, has three remedies where the purchaser in possession of the chattel defaults. He may foreclose his lien; he may retake the property; or he may sue for the unpaid purchase price. The first has no application to this case. If the seller sues for the purchase price he thereby vests the title in the buyer. By selecting one remedy he abandons the others. Third Nat. Bank of Syracuse v. Armstrong, 25 Minn. 530; Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W. 597; Keystone Mnfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Brother, 92 Minn. 134, 99 N. W. 784; Nelson v. International Harvester Co. of America, 117 Minn. 298, 135 N. W. 808; and C. W. Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164. But we are unable to see how defendant under her answer can claim that plaintiff made any election of remedy at any other time than the day this action was brought. Her entire counterclaim is based on ownership and right of possession, neither of which was lawfully in her after default in her payments until this action was begun. No injustice is done defendant by holding her counterclaim limited to the time subsequent to suit, for it is plain that, after her default, she could by no legal means have deprived plaintiff of possession unless she first paid or performed according to the terms of her contract. The only act in this record upon which defendant can predicate her counterclaim is the bringing of this suit, since the legal effect thereof is to pass the title and consequent right of possession of the car to defendant. Moreover defendant also had her choice of remedies. If she desired to hold plaintiff to an election by its acts prior to the institution of suit she should have alleged failure of consideration for the notes. However, such a defense, which necessarily renounces all interest in the car from the time possession was taken or retained by plaintiff, would be utterly inconsistent with her present counterclaim.

Apart from the foregoing considerations which lead to the conclusion that, upon the pleadings and undisputed facts, the learned trial court correctly fixed the time at which plaintiff's possession of the automobile became wrongful and actionable, the testimony clearly shows that neither party considered plaintiff's possession of the car

prior to suit to be an election to terminate or rescind the contract, or a selection of a remedy for its breach. Plaintiff did nothing which would preclude it from transferring title to defendant whenever she chose to make the prerequisite payments; it made no use or disposition of the car; it simply held it awaiting defendant's ability to raise the necessary funds. And defendant apparently acquiesced in this course, though perhaps reluctantly, for she paid, as above stated, $250 in the summer of 1912. From a legal point of view this is perhaps unimportant in this case, but it tends to dispel the idea that plaintiff has been oppressive or has sought to take advantage of defendant's inability to fulfil her contract. There is more suspicion of overreaching in defendant's attempt to let the 20 months' storage which plaintiff gave the automobile pay more than half of its purchase price, and in addition furnish her $4,500 damages for being deprived of the use of the car while so stored.

Minor points raised by appellant cannot affect the result. It is said the notes should have been excluded as being without consideration. These, set out *in haec verba* in the complaint, stated that they were for value received. Their execution was admitted in the answer and neither payment nor failure or want of consideration was alleged. We fail to see prejudice in their reception.

As the issues were made by the pleadings it may be that the negotiations and attitude of the parties in reference to the automobile from July, 1911, until the commencement of the suit were of no importance, but it went to show the situation in respect to defendant's asserted demands for possession of the car, and under the theory upon which the case was submitted to the jury and in view of the verdict no possible harm to defendant could have resulted.

There was no abuse of discretion in refusing defendant's request to amend the answer so as to increase the alleged value of the use of the automobile from $10 per day to $20 per day. But even if there had been, defendant cannot complain, for it is plain from the verdict that for the 52 days during which plaintiff held possession wrongfully the jury found the value of the use per day to be less than $9.

Order affirmed.