[No. 13183.   Department Two.   April 21, 1916.]

EILERS MUSIC HOUSE, *Respondent,* v. J. H. DOUGLASS *et al.,* *Appellants.*[1]

ELECTION OF REMEDIES—CONDITIONAL SALES CONTRACT—ACTION FOR PRICE—SUBSEQUENT DEFAULTS. The commencement of an action upon a conditional sales contract to recover installments due on the purchase price constitutes an election of remedies, treating the sale as an absolute one, and bars an action to recover possession upon forfeiture for default in making payment of subsequent installments.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 3, 1915, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Reversed.

*Jas. J. Anderson* and *Wesley Lloyd,* for appellants.

*Marx & Conger,* for respondent.

MAIN, J.—The purpose of this action was to recover possession of a piano. After the issues were joined, the cause was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff. From this judgment, the defendants have appealed.

[1]Reported in 156 Pac. 937.

The facts are these: On September 29, 1911, Eiler's Music House, the respondent, by a conditional sale contract, sold to J. H. Douglass a Kimball piano for $359. Of the purchase price, $11 was paid in cash, and, according to the terms of the written contract, the balance was to be paid in weekly installments of $1.50 each. The contract contained the usual provisions that the title should remain in the vendor until the purchase price was fully paid, and a bill of sale given to the purchaser.

On April 26, 1912, by mutual consent of the parties to the contract, the piano first purchased was exchanged for another instrument of the same price, style, and name, differing from the first only by its serial number. No new contract was entered into, but the existing contract was conᴉidered by both parties as covering the second piano.

On May 21, 1914, the respondent commenced an action against Douglass and wife to collect the installments which had become delinquent prior to May 16, 1914. On October 30, 1914, in that action, a judgment was entered in favor of the plaintiff for $168.66. This judgment covered the installments which became due and were not paid prior to May 16, 1914.

About ten days prior to the entry of the judgment in the action mentioned, Douglass and wife executed a chattel mortgage to James J. Anderson for $125. The conditional sale contract had not been filed or recorded, as required by law, but the trial court properly found that Anderson at the time he took the mortgage had knowledge of the existence of the contract.

Subsequent to the judgment in the first action, and on November 5, 1914, the respondent commenced this action in replevin against Douglass and wife and Anderson, to recover the piano because of the failure of Douglass to pay the installments which had become due and delinquent subsequent to the institution of the first action.

The principal question presented is whether the respondent, by bringing the first action for the installments due and unpaid on the contract prior to May 16, 1914, thereby elected to treat the sale as absolute. If the bringing of that action constituted an election to treat the sale as absolute, the judgment must be reversed. On the other hand, if the bringing of such action did not constitute an election, judgment was properly rendered in this action for the respondent.

In this state, it is well settled that, under a conditional sale contract, the title to the article sold remains in the vendor, and on breach of the contract by the purchaser, the seller has a choice of remedies. He may disaffirm the contract and retake the chattel, or he may treat the transaction as an absolute sale and sue on the contract. He cannot do both; these remedies are inconsistent. To proceed by one remedy constitutes an election which is final and irrevocable. *Winton Motor Carriage Co. v. Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577.

In the case last cited, speaking upon this question, it was said:

"The law is well settled that where, as in this state, the title retained by the seller on a conditional sale is an absolute title, on breach of the conditional sale contract by the buyer, the seller has a choice of remedies. He may either disaffirm the contract and retake the chattel, or he may treat the transaction as an absolute sale and sue on the contract for the purchase price. But since these remedies are inconsistent, he cannot do both. The assertion of the one is an abandonment of the other. . . . Such an election once made is final and irrevocable."

It is the commencement of an action in a court having jurisdiction to enforce a coexisting inconsistent remedy which constitutes an election, and makes it binding. In *Frisch v. Wells*, 200 Mass. 429, 86 N. E. 775, 23 L. R. A. (N. S.) 144, it was said:

"It is not, however, the judgment which may be obtained, but the commencement of a suit to enforce a coexisting inconsistent remedy in a court having jurisdiction, which constitutes the decisive act and makes the election binding."

According to the doctrine of the *Stewart & Holmes Drug Co.* and *Winton Motor Carriage Co.* cases, a suit upon a contract for the purchase price constitutes an election on the part of the seller to treat the sale as an absolute one. In this case, the first action was based upon the contract for that portion of the purchase price which had become due and delinquent at the time the action was instituted. Applying the doctrine of the cases mentioned, this would constitute an election. It does not seem that there can be any difference in principle whether the action brought upon the contract is for the total balance of the purchase price, or for a portion thereof. In either case, the action is based upon the contract, and this is what constitutes the election. In the *Winton Motor Carriage Co.* case it was said:

"It seems inconceivable that the absolute title remain in the seller and at the same time the purchase price be an enforceable debt obligation against the purchaser."

A number of cases from other jurisdictions are cited sustaining the respondent's contention that the first action did not constitute an election. Without reviewing these authorities in detail, it may be said that they are either distinguishable upon their particular facts, or they are from courts which have not adopted the rule that a suit upon the contract for the purchase price necessarily constitutes an election.

The respondent has sought to distinguish the *Stewart & Holmes Drug Co.*, and *Winton Motor Carriage Co.* cases from the present case. After a careful consideration of those cases, we think the doctrine there announced is controlling here.

Our attention has been directed to the case of *Rose v. Rundall*, 86 Wash. 422, 150 Pac. 614, as sustaining the respondent's position. In that case, however, the court was dealing

with a real estate contract, and not with the sale of personal property by conditional sale contract. What was said in the opinion in that case must be read in the light of the question then before the court. The decision in that case would not be controlling in determining the effect to be given to an action upon a conditional sale contract of personal property for delinquent or unpaid installments. Whatever may be the rule in the case of real estate contracts, as already stated, this case falls within the doctrine of the cases above cited.

It follows that the judgment of the superior court must be reversed, and it is so ordered. Judgment reversed.

MORRIS, C. J., PARKER, and BAUSMAN, JJ., concur.