## EDWARD THOMPSON COMPANY v. JOHN L. BROWN.[1]

June 10, 1927.

No. 26,122.

**When vendor in conditional sale contract may sue on the notes after dismissing action in replevin.**

The plaintiff brought an action in replevin to recover property sold on a conditional sale contract. After issue joined it dismissed the action and brought suit on the notes. It is *held* that the bringing of the replevin suit, under the circumstances stated in the opinion, was not a rescission of the contract and an election to proceed against the property and did not prevent an action on the debt.

Sales, 35 Cyc. p. 696 n. 15; p. 697 n. 16, 21; p. 706 n. 7; p. 708 n. 18.

---

See note in L. R. A. 1916A, 915; 24 R. C. L. 491.

[1]Reported in 214 N. W. 284.

Defendant appealed from an order of the district court for Beltrami county, Stanton, J., denying his motion for a new trial. Affirmed.

*John L. Brown,* pro se.

*Huffman & Smith,* for respondent.

DIBELL, J.

Action to recover upon a series of notes given by the defendant to the plaintiff upon the sale of law books under a conditional sale contract reserving title. There were findings for the plaintiff for $118, the amount demanded in the complaint and admitted at the trial, and the defendant appeals from the order denying his motion for a new trial.

In 1919 the plaintiff brought an action of replevin in the municipal court of Bemidji to recover possession of the books or their value in the event that possession could not be had. The defendant answered and assumed to tender those books for which he conceded payment had not been made, or in lieu thereof the sum of $20, their value. The plaintiff then sent the defendant an unsigned dismissal of the replevin action, and commenced suit on the notes. A few days after suit was brought it sent the defendant a signed dismissal. The plaintiff did not take possession in the replevin suit.

It is our consistent holding that a plaintiff who retakes because of nonpayment the property which is the subject of a conditional sale contract, in which title is reserved, makes his election, there is a rescission, the contract is at an end, and he cannot afterwards sue on the notes. Minneapolis Harv. Works v. Hally, 27 Minn. 495, 8 N. W. 597; C. Aultman & Co. v. Olson, 43 Minn. 409, 45 N. W. 852; Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; C. W. Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164, 51 L. R. A. (N. S.) 251. In principle a similar result follows when the vendor elects to recover the purchase price thereby making the sale absolute and unconditional. Alden v. W. J. Dyer & Bro. 92 Minn. 134, 99 N. W. 784; Nelson v. Internat. Harv. Co. 117 Minn. 298, 302-304, 135 N. W. 808; A. F. Chase & Co. v. Kelly, 125 Minn. 317, 146 N. W.

1113, L. R. A. 1916A, 912. The statement is frequent in our decisions that the vendor has three remedies: (1) He may reclaim the property; (2) he may treat the sale as absolute and sue for the debt; (3) or he may bring an action to foreclose his lien. The assertion of one right is the abandonment of the others. We have not held that bringing replevin, without taking possession, rescinds the sale and prevents a recovery of the sale price. Nor have we held that it does not. It is our view that bringing replevin, without taking possession, the action being dismissed under the circumstances of this case, does not constitute a rescission or waiver or an election to resort alone to the property preventing the maintenance of an action for the unpaid price.

We have no uniform conditional sales act. The holdings vary in the different jurisdictions and we do not review them. 2 Williston, Sales (2d ed.) §§ 579, 579a; 35 Cyc. 696, et seq; 24 R. C. L. p. 491, § 785; note, L. R. A. 1916A, 922, 925; note, 37 A. L. R. 88, 91-115; Uniform Cond. Sales Act, § 24; 2A U. L. A. § 123, et seq; Am. Dig. Sales, § 479 (1, 10, 11).

In this connection it may be noted that under the uniform sales act, § 53, G. S. 1923, § 8427, the unpaid seller in possession has a right of lien whether title has or has not passed to the vendee, and under § 56, G. S. 1923, § 8430, such unpaid seller does not lose his lien by reason only that he has obtained judgment for the purchase price. See Hoven v. Leedham, 153 Minn. 95, 189 N. W. 601, 31 A. L. R. 574; St. Paul Trust Co. v. U. S. Cereal Co. 165 Minn. 252, 206 N. W. 385. The uniform sales act was not in force when some of the cases cited upon election or waiver were decided; nor was it in force when the notes in suit were executed; nor do we have in the case before us a vendor in possession, nor a claim of election or waiver because of suit brought for the purchase price.

Order affirmed.