# GEORGE E. HOLMES v. LOUIS H. SCHNEDLER.[1]

March 1, 1929.

No. 26,963.

See note in 23 L.R.A.(N.S.) 145; L. R. A. 1916A, 925; 12 A. L. R. 510; 24 R. C. L. 483, 484; 4 R. C. L. Supp. 1541.

[1]Reported in 223 N. W. 908.

484

*Jesse Van Valkenburg*, for appellant.
*Harold W. Cox* and *Karl Covell*, for respondent.

Wilson, C. J.

Plaintiff appealed from an order denying his motion for a new trial.

Plaintiff sold personal property on the instalment payment plan on a conditional sales contract. Three monthly payments being in default, he sued to recover the same. The buyer did not answer. Plaintiff entered judgment upon default and filed a transcript thereof in district court, where an execution was issued and returned unsatisfied. Subsequently this action was brought in replevin to get possession of the property from the buyer, who has since become a bankrupt and his receiver in bankruptcy has been substituted as defendant.

This court has held that when the purchaser in a conditional sale contract is in default the seller can reclaim the property or he can treat the sale as absolute. Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Brother, 92 Minn. 134, 99 N. W. 784; Skoog v. Mayer Bros. Co. 122 Minn. 209, 142 N. W. 193. But since then we have repeatedly held that such seller can (1) reclaim the property, (2) treat the sale as absolute and collect the debt, or (3) sue to foreclose the lien. Nelson v. International Harv. Co. 117 Minn. 298, 135 N. W. 808; C. W. Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164, 51 L.R.A.(N.S.) 251; A. F. Chase & Co. v. Kelly, 125 Minn. 317, 146 N. W. 1113, L. R. A. 1916A, 912; St. Paul Tr. Co. v. U. S. Cereal Co. 165 Minn. 252, 206 N. W. 385; Edward Thompson Co. v. Brown, 171 Minn. 483, 214 N. W. 284; 5 Dunnell, Minn. Dig. (2 ed.) § 8651. These

authorities and others, including Andresen v. Simon, 171 Minn. 168, 213 N. W. 563, hold that the seller cannot take inconsistent positions.

This court has not had occasion to consider any case involving only a delinquency in an instalment payment. When the seller sues upon the personal liability, procures a judgment and issues execution thereon, he must be held to have made an election of one of his three remedies. By the exercise of his right to sue he makes the sale absolute and by his conduct limits his right to the one remedy of collecting the debt. The assertion of this remedy is an abandonment of all others. C. W. Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164, 51 L.R.A. (N.S.) 251; St. Paul Tr. Co. v. U. S. Cereal Co. 165 Minn. 252, 206 N. W. 385; Edward Thompson Co. v. Brown, 171 Minn. 483, 214 N. W. 284. Such election vests title in the purchaser. It brings the conditional sale contract to an end, and thereafter upon no theory can the seller proceed to so collect the debt and not recognize the buyer as the owner. 5 Dunnell, Minn. Dig. (2 ed.) § 8651. To proceed by one remedy constitutes an election which is final and irrevocable.

There can be no difference upon principle whether the seller seeks to recover the full amount or an instalment. Eiler's Music House v. Douglass, 90 Wash. 683, 156 P. 937, L. R. A. 1916E, 613; In re Hanson (D. C.) 18 F. (2d) 440, 8 Am. B. R. (N. S.) 261. The principle involved is not that such a conditional sale contract is a mere lien upon the property to secure the payment of the debt, but on the contrary it is that the seller reserves the absolute title under which he may retake the property, under certain conditions, and retain it without any obligation to account therefor to the purchaser. Such absolute title remains in him or passes from him to the purchaser absolutely accordingly as the conditions of the sale are broken, or as they are performed, or as may result by operation of law from some act of election on the part of the seller. Nor is it practical to attempt to construe the law as meaning that the title can pass piece by piece. When the act is done that constitutes the election, it must relate not only to the immediate instalment payment but to all payments yet to become due. When the election is

made it must relate to and embrace all the property involved. Such an election to collect the debt or a part thereof constitutes an election to vest title in the purchaser, and the seller is confined to the same remedy as to all subsequent instalment payments. This follows from the fact that the remedies are inconsistent. They are not cumulative remedies. The seller has but one choice, and when made it controls the transaction to the end. This results in no unjust hardship to the seller.

The purchaser's liability to pay is absolute. He has no option. Reinkey v. Findley Elec. Co. 147 Minn. 161, 180 N. W. 236. But see 5 Minn. Law Rev. 384. In bankruptcy the will of the debtor is of little consequence though the recording act may be of importance. 2 Am. Bankruptcy Rev. 11. Whether the vendee's interest in such contract is attachable, see 13 Minn. Law Rev. 247.

The most persuasive argument for the contrary rule, which exists in some states, is that suit for an instalment payment should have no greater effect than the payment itself. But this argument is based: first, upon the conception of such contract being in the nature of a lease, Silverstin v. Kohler & Chase, 181 Cal. 51, 183 P. 451, 9 A. L. R. 1177; 8 Cal. Law Rev. 191, or upon the recognition of such contract as a chattel mortgage, which is contrary to our rule, Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; secondly, it disregards the fundamental distinctive characteristic of our conception of such a contract that the seller must either hold or release the reserved title. He cannot do both, unless as is involved in foreclosing the lien.

■ Plaintiff claims that a conditional sale contract gives the seller a lien upon the property and cites Fletcher v. Lazier, 58 Minn. 326, 59 N. W. 1040, wherein the contract vested the title in the purchaser, which is quite a different situation. The case does not sustain plaintiff, and his contention is unsound. Some confusion seems to exist as to the identity of the lien, the foreclosure of which we have from time to time mentioned as one of the remedies of the seller in a conditional sale contract. As above indicated, the rights of a seller under a conditional sale contract are not a lien but a

reservation of title. The lien to which we have referred in the several cases is the seller's common law lien for the unpaid purchase price. He has such lien only while the property remains in his possession unless there is a contract, expressed or implied, to the contrary. Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564; Woodland Co. v. Mendenhall, 82 Minn. 483, 85 N. W. 164, 83 A. S. R. 445; Ammon v. Illinois C. R. Co. 120 Minn. 438, 139 N. W. 819; E. L. Welch Co. v. Lahart Elev. Co. 122 Minn. 432, 142 N. W. 828; Stein v. Shapiro, 145 Minn. 60, 176 N. W. 54, 8 A. L. R. 1264; Hoven v. Leedham, 153 Minn. 95, 189 N. W. 601, 31 A. L. R. 574; 5 Dunnell, Minn. Dig. (2 ed.) § 8583.

It is not necessary that the seller at all times retain the actual physical possession of the property. It is sufficient that he retains such possession as will preserve in him the actual control of the property. Woodland Co. v. Mendenhall, 82 Minn. 483, 85 N. W. 164, 83 A. S. R. 445. We see no reason why the lien is not retained when possession is given the purchaser under a conditional sale contract retaining the title in the seller, who thereby retains control of the property. If the buyer is given the unqualified title the lien is lost. Ordinarily, as said in Hoven v. Leedham, 153 Minn. 95, 100, 189 N. W. 601, 31 A. L. R. 574, "such a lien presupposes that title has passed to the buyer but not possession." In a conditional sale contract the buyer has given his absolute promise to pay. By operation of law the unpaid seller's lien is applicable. It is available to the seller who for the time being may content himself with his rights under the conditional sale contract. The application of the seller's common law lien, so existing under the supporting control of the conditional sale contract, may become operative and effectual at the will of the seller. When the seller resorts to equity for a foreclosure of this lien—a remedy seldom if ever used—he waives his other two remedies, which are the only ones recognized in some states. While he has waived his action at law to collect the debt, he has not waived his right to a deficiency personal judgment as an incident to the foreclosure of the lien. The conditional sale contract is the instrumentality through which he may convert control

into actual possession in order effectually to assert his common law unpaid seller's lien. His election to foreclose the lien rather than reclaim the property can hardly be exercised until he has retaken the property; and in the absence of prompt action to the contrary he would be presumed to have reclaimed the property. If a foreclosure is undertaken when an instalment payment is involved and there is no acceleration clause and no statutory aid, many troublesome questions may arise.

We see no reason why the uniform sales act does not apply to a conditional sale contract, except that the contract itself is to control as to those elements which it covers. G. S. 1923, § 8376(3), says a contract to sell may be absolute or conditional. G. S. 1923, § 8430 (2), provides:

"The unpaid seller of goods, having a lien thereon, does not lose his lien by reason only that he has obtained judgment or decree for the price of the goods."

The lien to which this language relates is the lien mentioned in G. S. 1923, § 8427(1) (a), which is a possessory lien and is a statutory affirmance of the seller's common law lien hereinbefore discussed. Such being the case, the three remedies of the unpaid seller were available, and had plaintiff been in possession of the property he could by virtue of § 8430(2) have reduced his claim to judgment without losing his lien.

But he was not in possession. He was in control by virtue of the conditional sale contract, which was the equivalent of possession for the purpose of foreclosing the lien. He could have foreclosed the lien. He did not. By virtue of the conditional sale contract and since the adoption of the uniform sales act he could have taken possession of the property, reduced his claim to judgment and still have asserted his seller's common law lien embraced in the statute. He did not. He did reduce his claim to judgment. This did not, by virtue of the statute, release his lien. But under our decisions above cited this act of reducing the claim to judgment, though not losing the seller's common law lien as affirmed by the statute, did

constitute an election of remedies wherein the sale was treated as absolute, the title vested in the buyer, the conditional sale contract effectually terminated, and the seller's control of the property lost; and his right to a seller's possessory common law lien became a nullity because he no longer had possession.

Affirmed.

STONE, J. (concurring).

I concur in the result because of the rule of this court, long established by the decisions cited by the Chief Justice, that the seller's suit, even for an instalment of the unpaid purchase price, passes title to the buyer. That rule is so well established that it seems the better part of judicial action to leave it to the legislature to change. On the merits I consider it indefensible, for it is the plainly expressed intention of the parties to the conventional conditional sales contract that no title shall vest in the buyer until *all* of the purchase price is paid and, while reserving title to the seller, to put in him the absolute right *to collect* each instalment of the purchase price as it becomes due. That being his unquestioned contract right, I fail to see any justification for the judicial notion that the seller's attempt by an action at law to get the money that is absolutely his should result in the penalty of the loss of the title that by the contract is to remain in him until all of the price is actually paid. The rule that the seller's action to recover an instalment of the purchase price passes title seems to me to ignore the primary rule for the construction of contracts that the intention of the parties shall control. It does not effectuate, but on the contrary thwarts, an expressed contractual intention. In this connection I think it should be said that the reference in St. Paul Tr. Co. v. U. S. Cereal Co. 165 Minn. 252, 259, 206 N. W. 385, to G. S. 1923, § 8430 (uniform sales act, § 56) went somewhat too far in suggesting that a change had been effected by that statute in the judicial rule now under consideration.