# HERBERT REESE v. ELMER EVANS.[1]

December 30, 1932.

No. 29,194.

[1]Reported in 246 N. W. 250.

*M. J. Hegland,* for appellant.

*G. M. Stebbins,* for respondent.

OLSEN, J.

Defendant appeals from the judgment.

On October 15, 1931, the defendant gave to the plaintiff a written order and agreement for a trade or purchase of an automobile, reading as follows:

"CAR ORDER BLANK

Dealer's Name Greenbush Motor Co.

Address Greenbush, Minn.

Date Oct. 15th, 1931

Enter my order for one New Willys Six Sedan to be delivered to me .............. or as soon as possible.

I agree to take same as is.

Cash price of car ....................................$922.00

Accessories 1 set seat covers, 2 nickel metal tire covers. No charge.

If you get 220 gal. Mobiloil will take for $125.00 all.

Total cost including accessories

Less cash payment

Allowance Ford Coupe. Car No. .............. $400.00

 Total Credit ............... 400.00

 Balance due ............... 522.00

Plus Insurance

Plus Interest & Finance Charges

 Total Time Payment Cost

To be paid in as wanted. ..... notes of $....... each.

No Salesman's verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in this agreement; any promises or understandings not herein specified in writing are hereby expressly waived. The above car is in good condition and we do not guarantee. Any adjustments or repairs made from this day on will be charged for. We do not guarantee the mileage, or model.

It is understood and agreed that the Title Ownership of car as above described does not pass to me until the final cash payment is made. I certify that I am twenty-one years of age or over and that the car I am trading in is free from all encumbrances whatsoever.

This order is not binding unless authorized by an officer of the company.

Signed Elmer Evans.

Address ................... Phone No. ..........

Authorized by

Herbert Reese Salesman.

Motor No. ............. Date delivered .............

Serial No. .......... License No. .......... Title No. ..........

Form 34"

The automobile was kept by the plaintiff in his salesroom or garage at Greenbush, Minnesota, he being in the business of selling automobiles and keeping a garage. Plaintiff had the car in the presence of the defendant at the time the contract was made. The decisive questions in the case are these: (1) Whether there was an actual or constructive delivery of the car to defendant; (2) whether the plaintiff could recover the price of the car without such delivery.

The conditional sale contract was executed out on the highway where defendant was engaged as a road contractor. At that time, according to plaintiff's testimony, the tire covers and seat covers had not been placed on the car. Plaintiff's place of business was at the village of Greenbush. About two weeks after the contract was made plaintiff came to the village of Roseau with the car, which

was then in condition to be delivered. He found the defendant there, and they had some conversation as to the oil and Ford coupé mentioned in the contract. Plaintiff testified that he told the defendant at that time that he had the car equipped as ordered, ready for defendant to take, and that he wanted the Ford coupé as he had it sold; that defendant said he did not want to take the car then on account of the condition of the roads and said he would wait a week or ten days; that he would come up the following Tuesday and finish up the deal. Plaintiff then took the car back to his place of business at Greenbush. Defendant did not come to see plaintiff on Tuesday. The next Wednesday plaintiff again drove the car to Roseau, and at that time defendant told him he would not take the car.

Defendant's testimony is that he informed the plaintiff the first time plaintiff came to Roseau that he would not take the car. Defendant has neither title nor the right to possession of the property nor actual possession thereof. He has refused to carry out the contract. It cannot be said that there was a constructive delivery. The plaintiff had the car ready for delivery. He could have left it with defendant. He did not do so, but retained possession and drove the car away to his place of business at Greenbush. It is apparent that he did not intend to deliver unconditionally. He wanted defendant to deliver to him the Ford coupé which was to be taken in trade, and either deliver the oil or make settlement therefor. He does say that he stored the car in his place of business for defendant. The reasonable inference is that he held it there on the same conditions. The evidence presents a case of a breach by defendant of an executory contract whereby plaintiff agreed to deliver to defendant an automobile on a conditional contract reserving title, and defendant agreed to deliver to plaintiff another automobile at a fixed valuation and to pay the balance of the price of plaintiff's car, with the further privilege of delivering 220 gallons of oil as part of the price. It is not a case of a straight sale where the seller agrees to deliver the goods, thereby passing title to the buyer, and the buyer agrees to pay the price. There has been no

such delivery as to vest either the title or the possession of the car in the defendant.

■ It is well settled by our decisions that when the purchaser in a conditional sale contract has received possession of the goods and is in default in payment the seller has three remedies. He may (a) reclaim the property, (b) treat the sale as absolute and sue for the unpaid indebtedness, or (c) sue to foreclose the lien under the contract. But if he elects one of these remedies he abandons the others, and his rights are limited to the one remedy which he so selects. C. Aultman & Co. v. Olson, 43 Minn. 409, 45 N. W. 852; Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; C. W. Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164, 51 L.R.A.(N.S.) 251; A. F. Chase & Co. v. Kelly, 125 Minn. 317, 146 N. W. 1113, L. R. A. 1916A, 912; Edward Thompson Co. v. Brown, 171 Minn. 483, 214 N. W. 284; Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908. There are other cases to the same effect. But these decisions treat of cases where the buyer has received possession of the goods. If in that situation the seller, after retaking the property, cannot recover the purchase price, it seems to follow that he cannot recover the price where he has never parted with the possession of the goods but retains such possession.

■ In C. W. Raymond Co. v. Kahn, 124 Minn. 426, 429, 145 N. W. 164, 166, 51 L.R.A.(N.S.) 251, the court characterizes a conditional sale contract thus: "The contract is executory, rather a contract to sell than a sale."

In Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908, it is held that where the seller has, by taking possession of the property or otherwise, waived his action at law to collect the purchase price, he nevertheless has such control over the property that, having taken or retained possession thereof, he may foreclose his lien for unpaid purchase price and take a deficiency personal judgment against the buyer, after foreclosure sale of the property. That remedy, or an action for damages, is open to this plaintiff.

■ It is suggested that because the seat covers and tire covers were not on the car at the time the contract was made and were

put on afterwards the case should be treated as one where goods are to be and are made or manufactured to fill the order of the buyer. The evidence is in dispute as to whether these covers were on the car at the time the contract was made. But that aside, these covers were not manufactured specially for this car, or at all, after the contract was made. These covers are but minor incidental accessories, which the dealer can place on any like car in a few minutes without any alteration of the car. They were not at all like the printing placed on calendars for a buyer as in Louis F. Dow Co. v. Bittner, 187 Minn. 143, 244 N. W. 556. The covers could be removed at any time without affecting the car.

There is evidence that plaintiff agreed to make an adjustment of the front seat so that it could be tilted back to a horizontal position. This is not provided for in the written contract and was but a minor adjustment not affecting the contract.

■ The plaintiff brought this action for the full contract price. He claims that this waived all conditions of the sale contract and entitles him to recover. At the time he brought his action defendant had repudiated the contract and refused to carry it out. Plaintiff seeks in effect specific performance of an executory contract for the conditional sale of goods. More than that, he seeks performance of the contract on terms different from the terms of the contract. Where the contract provides for the trade-in of a Ford coupé at the agreed price of $400, plaintiff asks recovery of a money judgment, including the $400 which he had agreed to credit on the price of his car; this, on the ground that defendant had failed to deliver the Ford coupé, as damages for defendant's breach of contract. In the situation shown the suit did not invest the defendant with title and possession of the car.

We have no uniform conditional sales act; but, as far as the vesting of title and right to possession are concerned, the conditional sale contract controls. Holmes v. Schnedler, 176 Minn. 483, 488, 223 N. W. 908. Plaintiff's counsel in his brief states that the contract here in question does not come under the terms of our uniform sales act. We need not determine to what extent the uni-

form sales act applies to conditional sales. The case cited states the extent to which it does apply.

If this had been an unconditional sale, title to the car might have passed to the defendant on an unconditional tender of the car, kept good by setting the car apart for defendant. But under this contract no title passed and would not pass even by delivery. Then again, the contract was in part a contract for a trade. It would not be an executed contract until defendant delivered or tendered delivery of the Ford coupé. That the vesting of title in the purchaser, in ordinary sales, is necessary to enable the seller to recover the purchase price is indicated in the well considered case of Hart-Parr Co. v. Finley, 31 N. D. 130, 153 N. W. 137, L. R. A. 1915E, 851, Ann. Cas. 1917E, 706.

It is elementary law that, under a conditional sale contract reserving title in the seller until payment, no title to the property passes until payment is made. 55 C. J. p. 1216, § 1204.

The evidence, as stated, is not conclusive that there was any unconditional tender of delivery of the automobile to defendant; and after defendant had informed the plaintiff that he would not settle for or complete the purchase, the plaintiff could not, by suing for the price, confer both title and possession of the car upon the defendant under this form of contract.

It was error to direct a verdict in plaintiff's favor, and the judgment appealed from is reversed.