CYNTHIA H. FLETCHER vs. NETTIE E. LAZIER.

Argued July 11, 1894. Affirmed July 20, 1894.

No. 8804.

**A contract construed.**

A certain contract construed, and *held* to be a present sale of personal property, with a lien reserved to the vendor for the unpaid purchase price, and a right to the possession on default in such payment.

Appeal by defendant, Nettie E. Lazier, from an order of the District Court of St. Louis County, *Samuel H. Moer*, J., made February 7, 1894, overruling her demurrer to the complaint.

The plaintiff, Cynthia H. Fletcher, commenced this action December 5, 1893, to obtain possession of the household furniture in the house No. 329 West Second street, Duluth, or $750 its value in case a delivery thereof could not be had and $500 damages for its detention. Plaintiff on March 30, 1893, sold this property to the defendant and rented to her the house for two years. The contract was as follows:

This agreement made March 30, 1893, by and between Cynthia H. Fletcher, party of the first part, and Nettie E. Lazier, party of the second part; Witnesseth, that said party of the first part in consideration of the rents and covenants hereinafter mentioned, has demised, leased and let unto said party of the second part, the two story frame building, No. 329 West Second street, Duluth, Minnesota, for the term of two years from this date for $75 a month, rent payable on the first day of each month. The lease of this property is taken by the said second party subject to the conditions of a sale of the furniture now in said building and formerly belonging to the said party of the first part and now sold to said second party, said sale being part of this agreement, and the conditions thereof being as follows, to-wit: $225 on April 1, 1893; $25 on the first day of each month thereafter to and including November 1, 1894, and $100 additional on November 1, 1893, and April 1, 1894. A default being made in the payment of any sum above stated promptly on the day and time stated, will work a forfeiture of this lease the same as would the failure of the payment of the rents, as hereinbefore set forth. It will also work a forfeiture of all moneys paid on said furniture and allow the said first party to enter upon the ownership and have possession of the property free from any claim of the second party. And the said party of the second part agrees to pay the rent of $75 a month strictly monthly in advance on the first day of each month and keep the furniture insured in said first party's favor in an amount equal to the amount owed the first party therefor, for and during the term of this lease. Should the said party of the second part fail to make the above mentioned payments as herein specified or fail to fulfill any of the covenants herein contained, then and in that case it shall be lawful for the said party of the first part to reenter and take possession of the rented property without such reentry working a forfeiture of the rents to be paid and the covenants to be performed by the said party of the second part. Witness the hands and seals of the parties.

Cynthia H. Fletcher.   (seal)
Nettie E. Lazier.   (seal)

The payments of $125 falling due November 1, and $25 December 1, 1893, were not paid and plaintiff thereupon demanded possession of the household goods but was refused. The complaint stated these

facts and set out a copy of the contract. Defendant demurred, but her demurrer was overruled and she appeals.

*Cotton, Dibell & Reynolds,* for appellant.

*Allen & Baldwin,* for respondent.

GILFILLAN, C. J.   To determine the rights of the parties in respect to the personal property, we have to consider not only the clause of the contract indicating a sale, but other clauses bearing upon it. The clause: "The lease of this property is taken by said second party subject to the conditions of a sale of the furniture now in said building, and formerly belonging to the said party of the first part, and now sold to said second party, said sale being part of this agreement, and the conditions thereof being as follows,"—followed by a statement of the times and amounts of payments, clearly indicates a present sale, vesting the title at once unconditionally in the vendee, the purchase price to be paid in future installments.

On the other hand, the clause: "And said second party to keep the furniture insured in said first party's favor, in the amount equal to the amount owed the first party therefor, for and during the term of this lease,"—indicates an intention to reserve in the vendor some interest in or lien on the property amounting to an insurable interest, though it does not suggest the character of it, further than that it is to be measured by the amount of purchase price due at any time.

The provision that default in payment of any sum promptly on the day "will also work a forfeiture of all moneys paid on said furniture, and allow the said first party to enter upon the ownership *and have possession* of the property, free from any claim of second party," indicates a condition subsequent, to defeat a vested title; and, as it has no respect to the amount actually paid or the amount actually unpaid, and applies as well if there be but a dollar unpaid as if the entire purchase money be unpaid, it is to be regarded as in the nature of a penalty, inserted *in terrorem,* to enforce payment. Penalties and forfeitures are not favored. But while the court might not enforce a forfeiture of the vested title provided for to coerce payment, there is no reason why they should not enforce a stipulation for possession as a security.

Taking all the clauses together, we construe the contract to reserve to the vendor a lien on the furniture for the purchase money unpaid, with the right to the possession on default.

The plaintiff is therefore entitled to maintain an action for the possession.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 1040.)