## NICHOLS-FRISSELL COMPANY v. AUGUSTUS L. CROCKER.[1]

May 26, 1916.

Nos. 19,733—(122).

**Prior unrecorded deed — purchaser for value.**

1. Under G. S. 1913, § 6844 (R. L. 1905, § 3357), a subsequent deed first recorded does not take precedence of a prior unrecorded deed unless the grantee is a purchaser for a valuable consideration, and the court did not err in refusing to find that the plaintiff purchased for value.

**Notice of expiration of redemption — vacant property — return of sheriff.**

2. Under G. S. 1913, § 2148 (R. L. 1905, § 956), when no one is in possession there must a return of the sheriff to that effect as a prere-

[1]Reported in 157 N. W. 1072.

---

Note.—As to who is entitled to notice to redeem from tax sale, see comprehensive note in 44 L.R.A. (N.S.) 666.

On the question of precedence as between conveyance of land for nominal and inadequate consideration and a senior unrecorded conveyance, see note in 16 L.R.A. (N.S.) 1073.

quisite to the publication of the notice of expiration of the period of redemption from a tax sale.

**Same — lien for costs of notice.**

3. Under G. S. 1913, § 2168 (R. L. 1905, § 972), a tax claimant whose title is invalid because of a defective notice of expiration is not entitled to a lien for the costs incurred upon such notice.

Action in the district court for Hennepin county to determine adverse claims to certain vacant and unoccupied real estate. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of defendant Augustus L. Crocker. Plaintiff's motion for amended findings and conclusions of law was granted to the extent that plaintiff was given a lien upon each of the lots described for the amount specified in the findings. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*A. X. Schall, Jr.,* for appellant.

*S. R. Child* and *Sherman Child,* for respondent.

DIBELL, C.

Action to determine adverse claims. There were findings for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff and the defendant claim through a common grantor. The defendant got his deed in 1906. It has not been recorded. The plaintiff got its deed in 1913. It is recorded. The plaintiff claims that it is prior in title under G. S. 1913, § 6844 (R. L. 1905, § 3357), making an unrecorded conveyance void as against a subsequent purchaser in good faith and for a valuable consideration whose conveyance is first recorded. See 3 Dunnell, Minn. Dig. § 8302, and cases cited. The court did not find that the plaintiff was a purchaser for value. The evidence was such as to sustain the view that the plaintiff took an abstract and deed to an attorney who did business for the grantor and paid him a small sum to examine the title and get a quitclaim; and that no consideration was given the grantor. The evidence did not require a finding that the plaintiff purchased for value. This disposes of the question of priority. It not being shown that the plaintiff was a purchaser for value the defendant has the prior title coming from this common grantor.

2. The plaintiff has a tax title under G. S. 1913, § 2127, et seq. The defendant claims that the notice of expiration of redemption was insufficient to eliminate the redemption period. The premises were unoccupied. The statute (G. S. 1913, § 2148 [R. L. 1905, § 956]), provides that the notice of expiration shall be delivered to the sheriff, who, within 20 days, shall serve it upon the person to whom it is directed, if to be found in the county, and if not so found then on the person in possession, and shall make return to the auditor. If the person to whom the notice is directed cannot be found in the county, and there is no one in possession, of which the return of the sheriff so specifying is *prima facie* evidence, service may be made by publication. The statute intends a return that no one is in possession as a prerequisite to publication. This is the implication of Johnson v. Fraser, 112 Minn. 126, 127 N. W. 474, 128 N. W. 676. In Reimer v. Newel, 47 Minn. 237, 49 N. W. 865, there is a suggestion of a different holding. The notice is the last step in a proceeding intended to divest the fee owner of title and the requirements of the statute must be strictly pursued. 3 Dunnell, Minn. Dig. § 9424, et seq. The sheriff made return of service upon certain persons in possession. The return was erroneous. The notice served did not eliminate the right of redemption. There was no one in possession. There was no return to that effect. Such return is a prerequisite to publication and the published notice did not eliminate the right of redemption.

3. The court gave the plaintiff a lien for the amount paid with interest pursuant to G. S. 1913, § 2168 (R. L. 1905, § 972). It contends that it should have a lien for costs incurred in attempting to perfect title through the invalid notice of expiration. This is not so. There is nothing in Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, Ann. Cas. 1914C, 755, or other cases cited, supporting this claim. The court fixed the proper amount.

Order affirmed.