PHILLIP F. WALSH v. FAWKES AUTO COMPANY.[1]

March 4, 1927.

No. 25,752.

**Verdict for plaintiff sustained.**
      1. The verdict is sustained by the evidence.

**Why evidence of cost of repairs to truck was immaterial.**
      2. The jury having found that defendant had converted the truck in controversy to its own use, proof of the costs of repairs made by defendant became immaterial.

**Exclusion of evidence as to condition of machinery at a later date.**
      3. It was not reversible error to exclude evidence of the condition of the operating machinery of the truck after it had been used for a month subsequent to the alleged conversion, in the absence of evidence that it remained substantially unchanged.

Appeal and Error, 4 C. J. p. 1005 n. 68; p. 1006 n. 70.
Bailments, 6 C. J. p. 1162 n. 32.

Defendant appealed from an order of the municipal court of Minneapolis, White, J., denying its alternative motion for judgment or a new trial. Affirmed.

G. A. Will, for appellant.
George Beaverson, for respondent.

[1]Reported in 212 N. W. 584.

TAYLOR, C.

This is an action for the conversion of a Reo delivery truck in which plaintiff had a verdict and defendant appeals from an order denying a new trial.

Plaintiff purchased the truck from defendant in the spring of 1922 under a conditional sales contract of the usual form, by the terms of which he agreed to pay the deferred part of the purchase price in monthly instalments of $105 each. He purchased the truck for use in making deliveries on a milk route in the city of Minneapolis. He defaulted in his payments during the following winter, but explained that his business had fallen off and defendant did not press him for payment. He bought his milk from a dairyman at Eden Prairie named Frizzell. In May, 1923, he had trouble with Frizzell and gave up the milk route. He offered the truck to Frizzell for $1,200 but the offer was not accepted. Immediately after making his last delivery, he took the truck to defendant's place of business and delivered it to defendant. The purpose for which it was delivered is the principal question in dispute.

Plaintiff claims that he merely placed the truck in storage with defendant while arranging for a supply of milk from another dairy; that defendant promised not to permit Frizzell to use it; that two days later defendant informed him they had sold it to Frizzell to be paid for in 30 days and had a bond in the sum of $1,200 to secure the payment; that after some discussion about reducing the price to $1,150, he consented to the sale; that defendant was to retain $549, the unpaid balance of the original purchase price, and give plaintiff the remainder received for it; that Frizzell used the truck during the 30 days; that after the time for payment had passed plaintiff went to defendant for his share of the money, and was then informed that defendant had not sold this truck to Frizzell but had sold him a new one, and had rented this truck to him for a month while preparing the new one for delivery; that they offered to get the truck for plaintiff but he refused to accept it after Frizzell had "rimracked" it for a month; and that defendant thereafter overhauled and repaired it and sold it to another party.

Defendant claims that plaintiff delivered the truck to them under an agreement that they were to repair it and sell it, and were to retain from the proceeds the $549 unpaid on the original purchase price together with the cost of the repairs and give plaintiff the balance; and that they repaired the truck and sold it as agreed. At the trial they tendered plaintiff the excess received for the truck above the amount due them on the purchase price and the cost of the repairs. They admitted renting the truck to Frizzell for the sum of $200.

The evidence on both sides negatives any claim that the truck was delivered or held under the provision of the contract authorizing defendant to retake it for default in making the payments. The court charged the jury to the effect that defendant was entitled to a verdict unless they found that the facts were as stated by plaintiff, in which event they could find that the acts of defendant constituted a conversion of the truck. The jury, by a five-sixths verdict, found for plaintiff and there is sufficient evidence to sustain the verdict. Consequently defendant's motion to dismiss the action made at the close of the evidence was correctly denied.

The court excluded evidence of the cost of the repairs made by defendant. This evidence was competent and material on defendant's theory of the case. But the jury having found that defendant had converted the truck to its own use, the cost of the repairs became immaterial, and the error, if any, is without prejudice.

After Frizzell returned the truck to defendant it was overhauled and repaired. Defendant assigns as error the ruling excluding evidence of the condition of the operating machinery of the truck at the time these repairs were made. Of course the condition of this machinery at the time of the conversion would have a bearing on the value of the truck and the amount of the damages resulting from the conversion, and evidence of its condition at a subsequent time might well be admitted if it appeared that no substantial change had taken place. But whether the circumstances are such as to warrant the admission of evidence of the present condition of property as bearing on its value at a prior time is usually for

the court to determine in the exercise of its judicial judgment. Here the truck had been used continuously for a month by a third party. Whether any change in condition occurred as the result of such use is not shown. Defendant presented testimony of the value of the truck when received and we cannot say that the ruling constituted reversible error.

We find no other question requiring special mention and the order denying a new trial is affirmed.