# JOSEPH TREMONT v. GENERAL MOTORS ACCEPTANCE CORPORATION.[1]

January 25, 1929.

No. 27,096.

[1]Reported in 223 N. W. 137.

*Emmons L. Abeles,* for appellant.
*Boutelle, Bowen & Flanagan,* for respondent.

Olsen, C.

Appeal by defendant from an order denying its motion for a new trial.

Plaintiff purchased an automobile, paying down part of the purchase price and agreeing to pay the balance in monthly instalments. The usual contract was entered into, reserving title in the seller and providing that on default in any payment the seller had the right to retake the car and resell it at public or private sale, with or without notice to the buyer, retain out of the price received on such resale the expense of retaking, repairs, and resale, and a reasonable attorney's fee, and apply the balance on the amount unpaid on the contract, any surplus to be paid to plaintiff and any deficiency to be paid by him. The seller transferred the contract and all rights thereunder to this defendant. Plaintiff paid to defendant four of the monthly instalments but failed to pay the fifth. At that time the plaintiff had paid, by cash and trading in an old car, $1,556.32 on the purchase price, and there remained an unpaid balance of $1,280.

Plaintiff claims, in substance, that he then made an agreement with the defendant, through its agent, whereby it was agreed that he should deliver the car to defendant and place it in the salesroom of the dealer from whom it had been purchased; that defendant agreed to resell the car for not less than $2,000, unless plaintiff should consent to a sale for a less price; that out of the price received on such resale defendant was to take the amount owing on the contract and pay over the balance to plaintiff; that if prior to such resale plaintiff should pay up the amount due the car should be returned to him; that pursuant to this agreement he delivered the car to defendant and placed it in the designated salesroom; that thereupon the defendant resold the car, without his consent, for the amount

owing thereon; that he has offered to pay the amount due defendant on the contract for the return of the car, but defendant has refused to return it or pay anything to him; that at the time of the resale the car was reasonably worth more than $2,000; and that by defendant's breach of the agreement plaintiff has been damaged in the sum of $752.76, for which amount and interest plaintiff obtained a verdict.

Defendant denied that it made any agreement with plaintiff to resell the car for $2,000, or any sum. It claims, in substance, that the resale of the car was a matter between plaintiff and the dealer in whose salesroom it was placed; that this dealer was plaintiff's agent in the matter and did not act for or as the agent of defendant; that the dealer received the car from the plaintiff and agreed to and did pay to defendant the amount owing thereon, and that defendant had nothing to do with the resale. It further claims that if the car was in any way delivered to defendant it was a taking possession thereof by it for default in payment under its contract, without any agreement on its part to resell for any given price, and that it received from the resale only the amount due, and hence it is not liable to plaintiff in any amount.

The evidence tends to show that the car was resold by the dealer in whose salesroom it was placed and that the defendant received from such dealer only the amount owing by plaintiff on the contract.

■ The question whether the dealer, in making the resale of the car, was and acted as agent for the defendant in the matter was a vital issue in the case. An examination of the evidence leads to the conclusion that this was a question of fact for the jury, and that the evidence is sufficient to sustain the verdict on that point.

■ Defendant urges that there was no consideration for the alleged agreement upon which plaintiff bases his action; that the defendant had the immediate right to repossess the car when plaintiff defaulted in his payment, and that when the car was redelivered to it, defendant had the entire right and title to and interest in the automobile, and plaintiff ceased to have any interest therein; that as defendant had the absolute right to retake the car and resell it

there was no consideration for an agreement on its part to resell for $2,000, or any specific sum, or to pay plaintiff the difference between such resale price and the amount owing.

The contract does not bear out the contention that plaintiff had no right to or interest in the car in case of a delivery thereof to defendant, and plaintiff's theory and evidence are different. He had a substantial equity in the car. Unless and until the defendant took possession of the car for default in payment and resold it under the provisions of its contract, he had the undoubted right to endeavor to protect his equity and use his best efforts to have the car resold at a sufficient price to bring him a substantial amount. One way to bring that about was to make such an agreement as the one here claimed. Plaintiff had the right to depend on such agreement, if made. He has presented evidence that when he was informed that the car was to be sold for the amount owing on the contract only he immediately obtained financial assistance and arrived at the place of sale in about an hour with means to pay up the contract, but was then informed the car had already been sold. Under plaintiff's evidence and theory, the defendant never retook the car for default in payment but received it under the new agreement claimed. The situation is very similar to that presented in the case of Walsh v. Fawkes Auto Co. 170 Minn. 370, 212 N. W. 584. There the evidence on both sides negatived any claim that the truck was delivered or held under the provisions of the contract authorizing defendant to retake it for default in payment. Here the evidence made that a question for the jury and sustains the finding of the jury thereon. The evidence is sufficient to sustain the finding of a valid consideration for the agreement.

King v. D. M. & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105, is a case where a promise to pay additional compensation for further performance of a contract then in force was involved. The court followed the general rule that a promise by one party to a subsisting contract to pay additional compensation to avoid a breach by the other party is without consideration. First State Bank of Montgomery v. Schatz, 104 Minn. 425, 116 N. W. 917, is a case where a

promise to pay the interest specified in a promissory note until such time as the maker could pay the note was held no consideration for an extension. Thysell v. Holm, 124 Minn. 541, 145 N. W. 164, is a case where a promise to pay an account then due and owing was held no consideration for an extension of time of payment of a promissory note.

The case of Jeffries v. Pankow, 112 Or. 439, 223 P. 745, 229 P. 903, is cited. The contract in that case was materially different. It contained no provision for the resale of the truck there involved and, on the contrary, provided that in case of default the seller had the right to immediate possession of the truck and, upon so taking possession, all claim or equity of the buyer therein should utterly cease and all payments made should belong to the seller as liquidated damages. In the present case, there is no provision for forfeiture of payments made, for permitting the seller to retain them as liquidated damages, or for terminating the purchaser's interest in the car except by a sale thereof. The default and retaking of the car do not terminate the purchaser's interest therein. If a resale is made pursuant to the contract, the purchaser is entitled to any surplus received and is liable for any deficiency. The resale is in the nature of a foreclosure of the contract. The purchaser was in effect the equitable owner and had such interest in the car that he might lawfully contract with the seller for the protection of his interest.

■ Plaintiff was permitted to testify that Gillman, the dealer in whose hands the car was placed, called plaintiff on the telephone and stated that General Motors had called him up and said that the car was going to be sold immediately for the balance due; that the car would be sold inside of an hour. The car was then in Gillman's possession. Statements by one in possession of property tending to characterize his possession are generally admissible. Rosenberg v. Burnstein, 60 Minn. 18, 61 N. W. 684; Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679; Minnesota Debenture Co. v. Johnson, 96 Minn. 91, 104 N. W. 1149, 107 N. W. 740; Hansen v. Shepherd, 154 Minn. 277, 191

N. W. 599. If there was any error here, it was cured by plaintiff's later testimony. He testified that when informed that the car was to be sold he immediately sought to obtain financial assistance to pay up what was owing, and found one Fischer, who had the money and was willing to advance it for that purpose; that, accompanied by Fischer, he arrived at the dealer's place of business where the car was kept about an hour after the telephone conversation with Gillman; that Fischer told Gillman that he came there to pay plaintiff's balance and take out the car, and that Gillman said it was too late, that General Motors had already sold the car for the balance due them. This evidence was received without objection and essentially covers the same ground as the evidence on which error is claimed.

The evidence has been examined and found sufficient to sustain the verdict, and the verdict cannot here be held to be excessive.

Order affirmed.

