NICK PENCHOFF v. WALTER E. HELLER & COMPANY, INC. AND ANOTHER.[1]

March 1, 1929.

No. 27,041.

[1] Reported in 223 N. W. 911.

494

See note in L. R. A. 1916A, 915; 24 R. C. L. 479; 6 R. C. L. Supp. 1421.

*Louis Sachs,* for appellants.

*William M. Nash* and *Chester L. Nichols,* for respondent.

DIBELL, J.

Action for conversion of an automobile. There was a verdict for the plaintiff for $800. The defendants appeal from an order denying their alternative motion for judgment or a new trial.

The plaintiff purchased an automobile from the Kelly Automobile Company, and the latter sold its interest in the contract of sale and the automobile to the defendant Walter E. Heller & Company. The defendant Bondy was the representative of the latter company engaged in liquidating its accounts. By the contract the time of payment was made the essence 'of the contract, and the plaintiff agreed "that the title to and ownership in said property are vested in the seller or assigns until said indebtedness has been paid in full, including all additional indebtedness as hereinafter provided and arising out of, and incident to, this contract." It was further provided that should the buyer fail to "promptly pay at maturity the sums prescribed herein" the vendor might, at his election and as one of the remedies prescribed in the contract, "declare this contract at an end without notice, take immediate possession of said property without demand and thereupon all rights of the buyer hereunder and in said property shall cease and terminate ab-

solutely and the seller shall own the property free and clear of all encumbrances whatsoever and in such case all payments made under this contract shall belong to and be retained by the seller as liquidated damages for the nonperformance of this contract, for the use of said property and for the rental and depreciation thereof."

The automobile was sold to the plaintiff on June 18, 1926, for $2,566.28. An old car was traded in for $1,055.44. He made an initial payment of $117.19 in cash and was to pay a like sum on the first of each succeeding month. On March 1, 1927, there was an unpaid balance of $585.95. An instalment of $117.19 became due on February 18, 1927. On March 1, 1927, the defendants took the automobile and afterwards sold it, pursuing the remedy provided in the contract. The plaintiff claims that within a few days he tendered the defendants the amount due and that they refused to accept it.

In declaring the contract at an end and taking the property as their own the defendants did nothing more than the contract provided they might do. The rule is settled in this state that a conditional vendor upon default may retake the property sold and treat it as his own, and the vendee has no right of redemption. 5 Dunnell, Minn. Dig. (2 ed.) § 8652, et seq. and cases cited; Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908. The case is not within Fletcher v. Lazier, 58 Minn. 326, 59 N. W. 1040, where the contract was one of present sale with a lien reserved to the vendor. The case of Tremont v. General Motors Acc. Corp. 176 Minn. 294, 223 N. W. 137, though different, may be noted.

Respondent cites G. S. 1923, § 8375, which provides that all provisions relating to chattel mortgages, not inconsistent with those relating to conditional sales and seed grain contracts, shall be applicable thereto but neither shall require witnessing or acknowledgment. The seed grain statute started with L. 1875, p. 123, c. 93, providing that the general statutes relating to chattel mortgages so far as not inconsistent should be applicable thereto. By L. 1897, p. 537, c. 292, the provisions relative to chattel mortgages were made applicable, so far as consistent, to conditional sales contracts and

seed grain contracts. The statute was embodied in R. L. 1905, § 3482, in the form in which it now appears in G. S. 1923, § 8375. The statute does not have the effect of making conditional sales chattel mortgages, nor of giving redemption after forfeiture, nor of preventing the conditional vendor from exercising his election to retake the property upon default.

Order reversed.