## CONRAD STEMLAND AND ANOTHER v. C. I. T. CORPORATION.[1]

June 24, 1932.

No. 28,991.

[1]Reported in 243 N. W. 708.

*Kelly, Berglund & Johnson,* for appellants.
*Emmons L. Abeles,* for respondent.

WILSON, C. J.

Plaintiffs appealed from an adverse judgment entered notwithstanding the verdict in their favor.

Plaintiffs, father and son, bought an automobile under a conditional sale contract. The seller assigned its interest to defendant, a finance corporation, which now stands in the shoes of the seller. The car was in possession of the son. Early in January, 1931, there was a default in payments, and defendant repossessed the car and sold it for $75. In the early part of February, 1931, defendant's Chicago lawyer, apparently not knowing that the property had been repossessed, wrote the father that there was a balance due on the contract of $64.72 and that $35 would be accepted in full. The father, not knowing that the car had been so repossessed, paid the $35. He then looked for the car, learned the facts, and instituted this action in conversion and obtained a verdict for $171.

When there is a default in a conditional sale contract the seller can (1) reclaim the property; (2) treat the sale as absolute and collect the debt; or (3) sue to foreclose the lien. Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908; Penchoff v. Walter E. Heller & Co. Inc. 176 Minn. 493, 223 N. W. 911. The assertion of one of these remedies is an abandonment of the other two. When the defendant reclaimed the car and sold it, it destroyed its rights to sue and collect the purchase price; and it also thereby terminated its right to foreclose its lien. Such an election is final and irrevocable. Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908. Thus it is clear that defendant wholly terminated the contract when it so retook the car. The contract was then functus officio. This was prior to the enactment of L. 1931, p. 429, c. 339, Mason, 1931 Supp.

§ 8363-1 to § 8363-5, requiring notice and giving an opportunity to redeem.

Plaintiffs' claim is that since defendant demanded and received what was termed a final payment it revived the contract and thereupon the vendee had the option to sue for a conversion of the car, that they then had an election of remedies, and they chose to sue in conversion. We cannot adopt this theory. It cannot be said that defendant made a new contract. It had no right to demand any further payments from plaintiffs. Their conduct was obviously a mistake, and plaintiffs now seek to profit by it. It cannot be said that the seller intended to reinstate the contract because performance thereof by it was impossible. In any event, the receipt of the money was without right. This fact however did not recreate the conditional sale contract; and plaintiffs were not in a position to stand on the extinguished contract as one of their elective remedies. The case of A. F. Chase & Co. v. Kelly, 125 Minn. 317, 146 N. W. 1113, L. R. A. 1916A, 912, does not support plaintiffs' contention.

Affirmed.

