## C. I. T. CORPORATION v. FRANK W. CORDS AND OTHERS. ELIZABETH BUCHHOLZ, INTERVENER.[1]

November 27, 1936.

No. 31,003.

[1] Reported in 269 N. W. 825.

*Reuther, Sullivan & Moylan,* for appellant.
*K. M. Krost,* for intervener-respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from an order denying its motion for amendment of the conclusions of law, or, in the alternative, for a new trial.

The trial court made findings of fact and as conclusions therefrom held that the intervener, Elizabeth Buchholz, be decreed a lien upon the automobile here involved and that the same be sold and the proceeds applied upon her lien claim of $200, with interest, costs, and attorney's fees of $50.

The brief facts, as shown by the record, are as follows: The intervener was employed by and performed services for wages for one J. D. Kooser and another from December 1, 1934, to May 1, 1935. At the time the employment terminated Kooser was indebted to the intervener for wages earned by her in an amount of some $200. Later she recovered a judgment against Kooser and one Page for the amount claimed.

On June 25, 1935, Kooser purchased from the Clements Automobile Company of Mankato a new Chevrolet automobile on conditional sales contract, in the usual form, reserving title to the automobile in the seller until payment in full of the purchase price should be made. This conditional sales contract was on the same day duly assigned to the plaintiff. Kooser died, apparently sometime in July of that year. There was default in a monthly payment to be made under the terms of the conditional sales contract on July 25, and no payments have been made thereon at any time. The conditional sales contract was not filed for record.

On August 5, 1935, the automobile was found parked on the street near the place of business of the Clements Automobile Company. The plaintiff was informed of the fact, and thereupon it instructed the Clements Automobile Company to repossess the automobile for the plaintiff under the sales contract. In the meantime the police had been notified, and an officer came to the car to investigate. He requested that the automobile be left where it was until the next day, and it was so left. On August 6 the Clements company, there being no objection thereto by the police officer or anyone else, took the automobile from the street and into its garage and stored it there for the plaintiff.

On August 7, 1935, an execution was issued on the judgment in favor of the intervener and against J. D. Kooser, and the sheriff thereunder levied upon the automobile, which was then in the possession of the Clements company, as agent or bailee for the plaintiff. On August 16 the intervener filed her lien claim against the automobile in the office of the register of deeds. Thereafter, on or about September 3, the plaintiff replevined the automobile from the sheriff and has since been in possession thereof.

The trial court found the facts substantially in accord with the facts stated. Where our statement goes beyond the findings, it is an amplification from undisputed facts shown in the record.

The trial court, as conclusions of law, decreed that the intervener had a lien upon the automobile in the amount of $200, with interest from May 1, 1935, and that the automobile be sold as provided by statute and the proceeds applied to said lien claim, interest, disbursements, and attorney's fees.

This appeal raises the question of whether the intervener's lien was superior to the plaintiff's title and rights under its conditional sales contract, the property having been purchased by the intervener's debtor some two months after the termination of her employment and the vesting of her lien on the property of the debtor.

■ There is a motion to dismiss the appeal. Plaintiff assigns error only on the conclusions of law made by the trial court, that same are not sustained by the findings of fact and not justified by the evidence. The appeal, being from an order denying plaintiff's motion for amended findings and conclusions of law or for a new trial, is appealable. The fact that the part of the order denying the motion for amended findings and conclusions is not appealable does not prevent an appeal from the whole order. The assignment of error here is sufficient to raise the question of whether the conclusions of law are sustained by the findings and evidence.

■ Intervener recovered on the theory that her lien for wages was superior to the title and rights of the plaintiff to the automobile here involved, under plaintiff's conditional sales contract. That presents, on this record, questions of law for consideration here.

Intervener's lien claim arose under 2 Mason Minn. St. 1927, § 8548, which provides as follows:

"Every mechanic, salesman, clerk, operative, or other employee of a manufacturer, merchant, or dealer in merchandise shall have a lien upon all the property of his employer, as against any attachment or execution levied thereon, for the security of his wages earned within the six months last preceding, to an amount not exceeding two hundred dollars. Such lien shall not be affected by

any agreement with the employer to waive the same, and shall be preferred to mortgages, judgments, and other liens which shall have attached after the beginning of the labor or services in which said wages were earned."

As already noted, the sale of the automobile to Kooser on conditional sales contract was made nearly two months after intervener's employment ceased. Intervener's counsel argues that, by the statute, the wage lien did not attach or vest until the death of Kooser, sometime in July. We hold that the intervener's lien attached here as of the date of the termination of her employment on May 1. At any time after May 1 the intervener could have brought suit against Kooser to enforce her lien. The statement in intervener's brief that claimant herein was "compelled" to wait until the lien vested "through occurrences over which she had no control," meaning either the levy under execution on her own judgment or the filing of notice of her claim, is not well founded. There is no provision in the statute, §§ 8548, 8549, 8550, requiring the wage lien to be filed. The only provisions are that in case some third party levies upon the property the lien holder shall give written notice to the officer making such levy of his lien claim. And in case of the death, dissolution, or insolvency of the employer, such notice shall be given to the personal representative of the decedent, or to the receiver or other officer of the court entitled to the possession of the assets of the employer, within five days after the qualification of such representative, receiver, or other officer. There is here no finding or evidence as to notice given to any officer making a levy, or to the personal representative, receiver, or other officer of the court. The only finding is that intervener filed a verified lien claim in the register of deeds' office on August 16. The only occasions, as we see it, for any notice here would be the giving of such notice to the representative of Kooser's estate, and there is no showing that any such representative has been appointed; or the giving of such notice to the officer taking possession of the automobile in the replevin action in this case, and no such notice is shown. The question of notice under the sections of the statute cited is not raised by plaintiff and needs no further consideration.

■ The question arises as to whether intervener's claim attaches to property acquired by Kooser after her lien vested and became enforceable. The general rule, as stated in 37 C. J. p. 324, § [32] 2, is: "In the absence of provisions showing an intention to extend the lien to after-acquired property, a lien attaches only to property on hand at the time it is created," citing Borden v. Croak, 131 Ill. 68, 22 N. E. 793, 19 A. S. R. 23; Thornberry v. Thornberry, 24 Ky. L. 130, 68 S. W. 129.

There is no provision in the statute expressing such an intention. The statute provides that the employe "shall have a lien upon all the property of his employer, as against any attachment or execution levied thereon, for the security of his wages earned within the six months last preceding," and that such lien "shall be preferred to mortgages, judgments, and other liens which shall have attached after the beginning of the labor or services in which said wages were earned." The statute is to be fairly and liberally construed. But we cannot read into it an intention to create a lien upon property acquired by the employer after the relationship of employer and employe had terminated and the lien had become fixed and vested. These liens are secret liens. After the employment of the servant terminates there is nothing to inform third persons dealing with the employer of the existence thereof. To hold that thereafter no one might deal with the employer by selling to him property on a conditional sales contract, or selling him property and taking back a chattel mortgage for a part or all of the purchase price, without making the seller's retained title or his mortgage subject to the lien, would be a very burdensome and unreasonable restriction on ordinary business transactions as now carried on. The employe is given a lien upon all the property of the employer existing at the time the lien takes effect. The employe has the right to enforce it at once when wages become due. 37 C. J. pp. 340, 341, § [65] B.

■ Even if an intention be shown that after-acquired property shall be subject to the prior lien, the prior lien attaches only to such interest in the property as the purchaser acquires by his purchase. In Schnirring v. Stubbe, 177 Minn. 441, 225 N. W. 389, 390, the

question was as to priority between a prior chattel mortgage on a threshing machine, therein described, and a subsequent chattel mortgage given for the purchase price of the machine. It appeared that at the time he gave the first chattel mortgage the purchaser was in possession of the machine but had not yet contracted to purchase it. We held that the purchase money mortgage had preference over the prior mortgage. It was stated in that opinion [177 Minn. 443]:

"Where as part of one transaction goods are sold and the seller receives or retains security thereon for the purchase price, the title passing to the purchaser is subject to the lien created or reserved. The title of the purchaser is limited to that extent, and he can neither encumber nor transfer any greater title than he receives."

Creditors and subsequent *bona fide* purchasers are in no better position than the one under whom they claim. It is further held that a mortgage on property before the property is acquired attaches only to such interest therein as the mortgagor receives at the time the property is acquired by him. And see Penchoff v. Walter E. Heller Co. Inc. 176 Minn. 493, 223 N. W. 911; Stemland v. C. I. T. Corp. 186 Minn. 384, 243 N. W. 708.

■ A vendor in a conditional sales contract may retake the property sold, on default in payment, and treat it as his own. Section 8375 of the statute does not have the effect of making conditional sales contracts merely liens the same as chattel mortgages. Penchoff v. Walter E. Heller Co. Inc. 176 Minn. 493, 223 N. W. 911.

■ When the seller in such a contract retakes possession of the property, the purchaser's only remaining interest therein is to have the opportunity to redeem as provided for in L. 1931, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 8363-1 to 8363-5, and, unless prior notice is given, the seller must retain possession for ten days before disposing of the property. Stemland v. C. I. T. Corp. 186 Minn. 384, 243 N. W. 708. No question of redemption is involved in the present case.

■ The retention of title by the seller is not a lien, but a reservation of title. 55 C. J. pp. 1194, 1195, § 1170, citing cases from

federal courts and 12 states, including Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908. The decision in Penchoff v. Walter E. Heller Co. Inc. 176 Minn. 493, 223 N. W. 911, is to the same effect. In other words, under a conditional sales contract the seller has not a mere lien, but retains title and right to possession on breach or default in payment. Fletcher v. Lazier, 58 Minn. 326, 59 N. W. 1040, involves a contract of sale vesting title to the property in the purchaser, with only a lien reserved in the seller for the unpaid purchase price, and is not applicable here.

■ By retaking possession of the property under a conditional sales contract the seller waives his right to bring suit for the recovery of the unpaid purchase price. Ahlers v. Jones, 193 Minn. 544, 545, 259 N. W. 397. If the seller under such a contract repossesses the property for default in payment, the contract is at an end and the seller cannot sue for the purchase price. · Edward Thompson Co. v. Brown, 171 Minn. 483, 214 N. W. 284.

■ It is well established in this state that the seller of goods under a conditional sales contract, in case of default by the buyer, has three remedies. He may retake the property; sue for the unpaid contract price; or he may, while retaining possession, bring suit in equity to have a lien decreed and enforced for the unpaid purchase price. This remedy by suit in equity is not a remedy under the conditional sales contract but under the common law, and now under the uniform sales act. 2 Mason Minn. St. 1927, § 8376, *et seq.*

■ Section 8360 of the statutes provides that a conditional sales contract "shall be void as to creditors of the vendee and subsequent purchasers and mortgagees of such property in good faith, unless the * * * contract * * * be filed as in the case of a chattel mortgage." The term "creditors" as used in this statute, does not mean creditors generally, but creditors who seize the property under a legal process. Neils v. Bohlsen, 181 Minn. 25, 231 N. W. 248; Singer v. Farmers State Bank, 166 Minn. 327, 207 N. W. 631.

■ The intervener contends that plaintiff's conditional sales contract is void as against her because not filed. As already pointed out, the statute makes an unfiled conditional sales contract void

as against creditors of the vendee and subsequent purchasers and mortgagees of the property in good faith. Under our decisions, the intervener was not a creditor within this provision. At the time intervener levied her execution, under our decisions the plaintiff was the sole owner and in possession of the automobile. The property was at that time in the possession of the plaintiff under its conditional sales contract. The intervener, as a judgment creditor in a personal judgment against Kooser, had no lien on the automobile until the execution levy thereon. By such levy intervener obtained no greater interest in the automobile than a representative of Kooser's estate would have had, that is, the right to pay the amount unpaid on the sales contract and thereby become entitled to take and sell the automobile.

In United States v. New Orleans Railroad, 79 U. S. 362, 364, 20 L. ed. 434, the court, speaking on the question of an unfiled purchase money mortgage as against a prior general mortgage including after-acquired property, stated:

"The appellants contend, in the next place, that the decision upon the facts was erroneous; that the mortgages, being prior in date to the bond given for the purchase-money of these locomotives and cars, and being expressly made to include after-acquired property, attached to the property as soon as it was purchased, and displaced any junior lien. This, we apprehend, is an erroneous view of the doctrine by which after-acquired property is made to serve the uses of a mortgage. That doctrine is intended to subserve the purposes of justice, and not injustice. Such an application of it as is sought by the appellants would often result in gross injustice. A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and if he purchase property and give a mortgage for the purchase-money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien impending over him,

whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase-money. And in such cases a failure to register the mortgage for purchase-money makes no difference. It does not come within the reason of the registry laws. These laws are intended for the protection of subsequent, not prior, purchasers and creditors."

And see Goodrich Silvertown Stores v. Pratt Motor Co. 198 Minn. 259, 269 N. W. 464.

If that is true as to a purchase money mortgage, it applies even more forcibly to a conditional sales contract where title remains in the seller until the purchase price is paid, which, as already noted, confers on the seller greater and different rights than a mortgagee has under a mortgage.

Even if we held that intervener's lien attached to after-acquired property of her debtor, she has no just cause for complaint on the ground that such lien is held to attach only to the interest in such property actually acquired by Kooser. She is not justly entitled to have her lien paid out of some other person's property.

The order appealed from is reversed.

Mr. Justice Stone took no part in the consideration or decision of this case.

