Martin TIMMER, et al., Appellants,

v.

William GRAY, Jed Maggert,
Respondents.

No. C2–86–1034.

Court of Appeals of Minnesota.

Nov. 4, 1986.

John D. Undem, International Falls, for Martin Timmer, et al.

Steven A. Nelson, International Falls, for William Gray.

Robert M. Wallner, Bemidji, for Jed Maggert.

Considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellants Martin and Lylia Timmer sought to obtain possession of two farm discs they had purchased from Farmers Home Administration. The trial court gave possession of the discs to the Timmers, subject to an equitable lien in favor of respondent Jed Maggert, who had repaired the discs. The trial court determined that Maggert's unpaid repair bill necessitated an equitable lien in order to prevent unjust enrichment of the Timmers. We affirm.

## FACTS

Terrance Heaton owned two farming discs. Heaton last used the discs in 1982 and left them in disrepair on land he rented that year from Tom Glowack. In 1984, the Farmers Home Administration (FmHA) acquired legal title to the discs pursuant to a security agreement between the FmHA and Heaton. The FmHA acquired possession of the discs when Heaton filed bankruptcy. Although the FmHA had possession, the agency chose to leave the discs on the land rented by Heaton. At this time, Tom Glowack, the landowner, permitted William Gray, a neighboring farmer, to take possession of the discs. During 1984, Gray arranged with respondent Jed Maggert to have the discs repaired. Maggert performed $857 worth of repairs on the discs, but did not receive any compensation from Gray. The discs are presently worth substantially more than the cost of repair.

On December 7, 1984, Martin and Lylia Timmer purchased the discs from the FmHA for $75. It is unclear whether Maggert completed all of his repairs prior to the sale; however, the last work was completed at about the time of the sale. The evidence does not suggest the FmHA or the Timmers had actual knowledge of Maggert's repair work at the time of the sale, nor does the evidence indicate that Maggert had any information to suggest that Gray did not own the discs.

At the time of the sale, Gray possessed a fully repaired disc and Maggert still had possession of the other disc. The Timmers brought an action for replevin and conversion. Maggert counterclaimed to recover the cost of his repair work. The trial court found the Timmers to be the rightful owners of the discs, subject to an equitable lien in favor of Maggert. The Timmers appeal that portion of the order granting Maggert an equitable lien.

## ISSUE

Did the trial court err in awarding respondent an equitable lien on appellants' property based on the theory of unjust enrichment?

## ANALYSIS

The trial court awarded Maggert an equitable lien based on the theory of unjust enrichment. Considerations of right and justice and various equitable maxims warrant the imposition of an equitable lien in certain instances. *See Lindell v. Lindell,* 150 Minn. 295, 298, 185 N.W. 929, 930 (1921). The theory of unjust enrichment is "founded on the principle that no one ought unjustly to enrich himself at the expense of another." *Cady v. Bush,* 283 Minn. 105, 110, 166 N.W.2d 358, 361 (1969) (quoting *Heywood v. Northern Assurance Co.,* 133 Minn. 360, 363, 158 N.W. 632, 633 (1916).

■ Actions for unjust enrichment may be based on failure of consideration, fraud, mistake, and situations where it would be morally wrong for one party to enrich himself at the expense of another. *See, e.g., Anderson v. DeLisle,* 352 N.W.2d 794, 796 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Nov. 8, 1984) (unjust enrichment action based on considerations of moral wrongness); *Cady,* 283 Minn. at 109–10, 166 N.W.2d at 361 (1969) (unjust enrichment action based on failure of consideration, fraud or mistake); *Knox v. Knox,* 222 Minn. 477, 482, 25 N.W.2d 225, 229 (1946) (unjust enrichment action based on unconscientious retention of property).

■ The failure of consideration, mistake and moral wrongness encompassing this case mandates imposition of an eq-

uitable lien based on the theory of unjust enrichment. The Timmers paid $75 for what they mistakenly believed to be a pair of discs in disrepair. Instead, Maggert's repair work provided the Timmers with a pair of discs worth much more. In this situation, it would be wrong to allow the Timmers to receive substantially improved property, for a nominal price, at Maggert's expense.

■ Our conclusion is forged in part by the fact that Maggert performed his repair work while Heaton or the FmHA owned the discs, causing the equitable lien to attach during the FmHA's possession. The personal property had been left unattended for over two years and its enrichment at the expense of an unknowing repairman is evident. An equitable lien is enforceable against any person who subsequently acquires the encumbered property, except a bona fide purchaser for value, without notice of the lien. *See* Minn.Stat. § 514.18, subd. 3 (1984) (mechanic's lien on personal property valid against everyone except a purchaser without notice and for value); *see also Whiteside v. Rocky Mountain Fuel Co.*, 101 F.2d 765, 770 (10th Cir.1938), *cert. denied*, 307 U.S. 640, 59 S.Ct. 1038, 83 L.Ed. 1521 (1939).

■ We cannot conclude that Maggert's lien is expunged by purchasers who pay a nominal amount for property they fail to examine. The Timmers lack the status of bona fide purchasers. Payment of $75 for property worth much more constitutes a lack of value. *See Nichols-Frissell Co. v. Crocker*, 133 Minn. 153, 154, 157 N.W. 1072 (1916) (payment of a small sum for title examination and quit claim deed did not constitute value); *see also Tremont v. General Motors Acceptance Corp.*, 176 Minn. 294, 223 N.W. 137 (1929) (payment of over one-half the purchase price constitut-

ed the value necessary to support the contract).

■ Furthermore, it cannot be said that FmHA or the Timmers were without notice that the discs had been repaired. A simple inspection would have revealed Maggert's possession and improvements. Equity says if a loss is to fall on one of two innocent parties, it should fall on one who is in a better position to prevent it. *Hughes v. Monnahan*, 282 Minn. 407, 411, 165 N.W.2d 231, 234 (1969). We have considered Maggert's opportunities to check on ownership of the discs, but we conclude that any shortcoming of Maggert was outweighed by the Timmers' failure to prevent their loss by inspecting the property prior to purchase.

Our conclusion would differ had the Timmers inspected the discs and paid value for them. These actions would allow us to view the Timmers as innocent parties and extinguish Maggert's equitable lien. Maggert would then be left with an unjust enrichment action against earlier owners. Since this is not the scenario, an equitable lien in favor of Maggert is necessary to prevent unjustly enriching the Timmers. The litigation in this case has not addressed the question whether Timmers assert or enjoy rescission rights on their purchase of the discs.

### DECISION

The trial court's order granting Maggert an equitable lien on the Timmers' discs is affirmed.

Affirmed.